The STATE of Ohio, Appellee,

v.

SCOTT, Appellant.

[Cite as *State v. Scott* (1996), 113 Ohio App.3d 401.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68907.

Decided Aug. 12, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Norman A. Kotoch,* Assistant Prosecuting Attorney, for appellee.

*Charles H. Bragg,* for appellant.

PORTER, Judge.

Defendant-appellant George E. Scott appeals his conviction in the trial court as a result of his plea of guilty to the charge of robbery (R.C. 2911.02). Defendant entered his plea as a result of a plea bargain agreement entered into by the defendant and the state of Ohio. Defendant's sole assignment of error challenges the trial court's failure to comply with Crim.R. 11(C)(2). For the reasons stated below, we affirm the decision of the trial court.

The defendant was indicted for robbery in violation of R.C. 2911.02. Included in the indictment were a prior aggravated felony specification and a violence specification. The defendant, through his attorney, entered into a plea bargain agreement with the state whereby the defendant would plead guilty to the charge of robbery in violation of R.C. 2911.02, amended by the deletion of both the prior aggravated felony specification and the violence specification. In return, the judge would sentence the defendant to three to fifteen years at the Lorain Correctional Institution, which sentence would run concurrently with the time the defendant was currently serving on another charge. On October 22, 1991, the defendant pled guilty to the charge of robbery, and the trial judge sentenced him pursuant to the agreement.

Defendant's motion for a delayed appeal was granted May 24, 1995.

Defendant raises the following sole assignment of error for our review:

"The appellant's guilty plea was not knowingly and voluntarily made since the court did not sufficiently explain to the appellant the rights he was waiving by entering his guilty plea."

When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed. *State v. Kelley* (1991), 57 Ohio St.3d 127, 128, 566 N.E.2d 658, 659–660.

Crim.R. 11(C) states:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation;

"(b) informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence;

"(c) informing him of and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

The taking of a plea will be affirmed on appeal so long as the reviewing court determines that the trial court substantially complied with the requirements of Crim.R. 11. *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect. *Id.*

The defendant challenges the lower court's compliance with Crim.R. 11 on four bases: (1) that the court never informed the defendant that by entering a guilty plea, he would be waiving his right not to be compelled to testify against himself; (2) that the court did not explain that he would be waiving his right to require the state to prove him guilty beyond a reasonable doubt; (3) that the court never explained the meaning of the indefinite sentence and defendant was thereby prejudiced to the extent that he is serving a sentence which he could not have possibly understood; and (4) that the court did not sufficiently inform defendant

of the extent of his right to counsel because he was not informed that this counsel would represent him throughout the proceedings and through any trial that might take place.

■ Defendant argues that as a result of these failures by the trial court, he was prejudiced in this matter to the extent that he improperly entered a plea of guilty to a charge that carried a sentence of three, four, five, six, seven or eight to fifteen years without being adequately informed of the rights he was waiving. We do not agree.

A careful review of the transcript of the proceedings below shows that the arguments of the defendant are without merit.

The colloquy between the court and the defendant indicates that the court informed him that he would be giving up certain constitutional rights upon entering a plea to the amended charge:

"THE COURT: Mr. Scott, it's my duty to apprise you of your constitutional rights in connection with trial and to tell you if you do enter a plea to the amended charge, your are going to be waiving or giving up certain constitutional rights.

"You will not have a trial.

"Do you understand that, first of all?

"DEFENDANT: Yes.

" * * *

"THE COURT: You have the right to be represented by an attorney. If you are indigent, the court will assign a lawyer to represent you at no cost to you.

"Do you understand that?

"DEFENDANT: Yes.

" * * *

"THE COURT: If you went to trial with the case, you could have a jury trial to 12 people, or you can waive the jury and try the case to the court.

"During the course of the trial, you have a right not to testify. If you decided to remain silent during your trial, nobody could comment to the jury the fact you didn't take the witness stand. That is also within your constitutional rights.

"Do you understand that?

"DEFENDANT: Yes.

" * * *

"THE COURT: * * * Mr. Kotoch from the prosecutor's office indicated that the State of Ohio will amend—has moved the court to delete, or remove the specification contained in the indictment, both the aggravated felony spec and the violent spec.

"This then becomes an aggravated felony of the second degree and it carries with it a potential penalty of 3, 4, 5, 6, 7, 8 years minimum, up to 15 years maximum, and a fine not to exceed $7,500.

"Do you understand that?

"DEFENDANT: Yes.

" * * *

"THE COURT: Has anybody promised you anything or threatened you with anything in order to get you to change your plea, other than I told your attorney Mr. Milano that I would sentence you, if you plead today, to 3 to 15 in LCI and it would be concurrent with the case you are currently sentenced and doing time for? Any other promises than that?

"DEFENDANT: No, your honor.

" * * *

"THE COURT: Understanding the amended indictment herein and the potential penalties I outlined for you, I ask you, first of all, are you, in fact guilty of robbery contained in the indictment, an aggravated felony?

"DEFENDANT: Yes.

"THE COURT: How do you plead to the amended indictment, guilty or not guilty?

"DEFENDANT: Guilty.

"THE COURT: Is your plea made voluntary, of your own free will and after speaking with Mr. Milano about it?

"DEFENDANT: Yes.

"THE COURT: Let the record reflect the defendant understands his rights, he knowingly, voluntarily, and intelligently waived them in connection with trial and otherwise."

From the record before us, it is evident that the court did, in fact, inform the defendant that by entering a guilty plea, he would be waiving his right to refuse to testify against himself and that he had a right to counsel. The record reflects that the defendant objectively stated that he understood the sentence which was to be imposed and which was to run concurrently with the sentence which he was currently serving on another charge.

■ While it is undisputed that the trial judge did not inform the defendant that the state is required to prove his guilt beyond a reasonable doubt, as Crim.R. 11(C)(2)(c) requires, the Ohio Supreme Court stated in *State v. Nero, supra,* that "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Id.,* 56 Ohio St.3d at 108, 564 N.E.2d at 476.

Substantial compliance allows the trial court to infer from the totality of the circumstances that the defendant understood the charges against him. *State v. Rainey* (1982), 3 Ohio App.3d 441, 442, 3 OBR 519, 521, 446 N.E.2d 188, 190. See, also, *State v. Nero,* 56 Ohio St.3d at 108, 564 N.E.2d at 476–477.

According to *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, a court in accepting a guilty plea must inform the defendant of certain constitutional rights. These constitutional rights are the privilege against compulsory self incrimination, the right to a jury trial, and the right to confront accusers. *Id.* at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–280. The Ohio Supreme Court in *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167, held that "[t]he absence of a ritualistic incantation of an admonishment which is not constitutionally guaranteed does not establish grounds for vacating the plea." Thus, while the trial court is required by Crim.R. 11(C)(2)(c) to inform the defendant of his right to have the state prove his guilt beyond a reasonable doubt, this is not required by *Boykin,* as is it is not a constitutional right, but a statutory right. The Ohio Supreme Court recognized this in *State v. Sturm* (1981), 66 Ohio St.2d 483, 484, 20 O.O.3d 403, 404, 422 N.E.2d 853, 854, fn. 2:

"Appellant also argues that he was not informed of his right to have the state prove his guilt beyond a reasonable doubt. While a trial court is required by Crim.R. 11(C) to inform a defendant of his right, it is not required by *Boykin v. Alabama* (1969), 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274]. See *Id.* at 243 [89 S.Ct. at 1712, 23 L.Ed.2d at 279–280]. Therefore, such a failure would be tested by this court's cases interpreting Crim.R. 11(C). See, *e.g. State v. Stewart* (1977), 51 Ohio St.2d 86 [5 O.O.3d 52], 364 N.E.2d 1163." See, also, *State v. Binion* (Apr. 18, 1996), Cuyahoga App. No. 69336, unreported, 1996 WL 191757 (failure to inform defendant of his right to have the state prove his guilt beyond a reasonable doubt not prejudicial); *State v. McGhee* (Apr. 21, 1994), Cuyahoga App. No. 65214, 65215 and 65216, unreported, 1994 WL 144496 (court substantially complied with Crim.R. 11 requirements regarding defendant's right to have the State prove his guilt beyond a reasonable doubt); *State v. Agresti* (May 27, 1993), Cuyahoga App. No. 64174, unreported, 1993 WL 180222 (court not required by *Boykin* or *Sturm* to inform defendant of right to have State prove his guilt

beyond a reasonable doubt; there was no constitutional error and since there was substantial compliance, any error was harmless).

A review of the entire transcript of the proceedings as substantiated by the excerpted dialogue between the court and the defendant in this matter convinces us that the trial court satisfied the requirements of Crim.R. 11 and that the totality of the circumstances indicates that the defendant objectively understood the implication of his plea and all of the rights which he was waiving. The defendant plea bargained to receive a sentence which was to run concurrently with the time which he was already serving on another case, and that is the sentence which the judge imposed. Therefore, we find that there was no prejudicial effect upon defendant.

Accordingly, the defendant's sole assignment of error is overruled.

*Judgment affirmed.*

PATRICIA ANN BLACKMAN, P.J., concurs.

McMONAGLE, J., dissents.

TIMOTHY E. McMONAGLE, Judge, dissenting.

I am compelled to respectfully dissent from the majority in this case. Although I do agree that the "substantial compliance" standard of *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163, is the correct standard for the court to apply to determine whether the defendant understood the charges against him or the penalty to be imposed upon the court's acceptance of the plea as required by Crim.R. 11(C)(2)(a) and (b), I believe that *Stewart* is not the correct standard to be used in the case *sub judice*. The majority here is relying on a standard which was merely put forth in a footnote in *State v. Sturm* (1981), 66 Ohio St.2d 483, 20 O.O.3d 403, 422 N.E.2d 853. The *Sturm* court, without analysis of the importance of the defendant's right to have the state prove guilt beyond a reasonable doubt, simply noted that this right, because it is not required by *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, should be tested by the Supreme Court's cases interpreting Crim.R. 11(C). The *Sturm* court did not address the fact that the *Stewart* standard was not applied to the rights of the defendant enumerated in Crim.R. 11(C)(2)(c).

I believe that, where the court has failed to apprise the defendant of his right to have the state find him guilty beyond a reasonable doubt, the appropriate test to be used by our court when determining whether the trial court complied with Crim.R. 11(C)(2)(c) when accepting a guilty plea should be the same test as required by the court in *Boykin*.

Crim.R. 11(C)(2)(c) contains two enumerated rights which the *Boykin* court did not address: first, the right to have compulsory process for obtaining witnesses in his favor (which is an enumerated constitutional right in the Sixth Amendment) and, second, the right to have the state prove guilt "beyond a reasonable doubt." In response to the omission in the *Boykin* opinion of the right to have "compulsory process," our Supreme Court stated, in *State v. Ballard* (1981), 66 Ohio St.2d 473, 477, 20 O.O.3d 397, 399–400, 423 N.E.2d 115, 118, fn. 4:

"[I]t may be noted that *Boykin* did not mention the right of the defendant to have compulsory process of witnesses to testify on his behalf. However, as the right is guaranteed by the Sixth Amendment to the United States Constitution, and like those mentioned in *Boykin* is a trial right, we hold that the defendant must also be informed of his right to compulsory process."

The second right found in Crim.R. 11(C)(2)(c) which the court in *Boykin* did not address is the one at issue here—the trial right that requires the state to prove the defendant's guilt beyond a reasonable doubt.

The "reasonable doubt standard" is an essential trial right which reaches constitutional stature. As the Supreme Court held in *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375, "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In trial, this important right is *always* explained to the jury by a verbatim reading of the statutory definitions.

As Judge Mahoney stated in his dissent in *State v. Teter* (Sept. 5, 1990), Wayne App. No. 2543, unreported, 1990 WL 129246:

"I personally fail to see how our Supreme Court can require that a defendant be informed in an intelligent manner as to four of the constitutional rights set forth in Rule 11 but only a 'substantial compliance' standard as to the fifth constitutional right set forth in Rule 11. This is an anomaly. Additionally, the latter standard requires a showing of prejudice by the omission to inform whereas the former does not. It is incongruous. In this case, there was a complete omission to reasonably inform the defendant of the state's burden of proof beyond a reasonable doubt. This requires reversal *per se* in my opinion."

In order to knowingly, intelligently and voluntarily give up a right, a defendant must know that he has that right and what it is. The right at issue here, to have the state prove guilt beyond a reasonable doubt, while not a constitutional right as those enumerated in *Boykin* or *Ballard,* is a statutory right which reaches constitutional stature and is embedded within the constitutional trial rights in

Crim.R. 11(C)(2)(c). This right is the only right included in the statute which is not a constitutional right.

I believe that for a guilty plea to be determined to have been voluntarily and intelligently entered, a defendant must be informed that he is waiving important trial rights. The rule mandates that the court inform the defendant of his trial rights and determine that he understands these rights and that he is waiving these rights. Where the court fails to address each of the trial rights enumerated, it cannot be said that the court has explained the rights in a manner reasonably intelligible to the defendant. Therefore, where, as here, the court entirely omits an important trial right when addressing the defendant upon the acceptance of a plea, I believe that the court has failed to comply with the mandate of Crim.R. 11(C)(2)(c), which demands that the court "shall *not* accept such a plea without first addressing the defendant personally and * * * informing him of and determining that he understands that by his plea he is waiving his right * * * to require the state to prove his guilt beyond a reasonable doubt at * * * trial * * *." (Emphasis added.)

For the reasons stated above, I believe that the issue in this case raises a substantial constitutional question and concerns a question of public and great general interest which should be called to the attention of our Ohio Supreme Court.

Accordingly, I would vacate the plea and remand this case to the court below.