OPINION
Appellant, Hardip Purewal, appeals the decision by Judge Kenneth Callahan denying his motion to vacate his plea agreement claiming he was not given a hearing on that motion and the plea was not knowingly, voluntarily, and intelligently given. For the following reasons we affirm.
On December 10, 1997, Purewal entered the Stevens Food Mart brandishing a 10 mm Colt gun containing a magazine with seven live hollow point rounds and announcing it was a hold up. The weapon was wrestled from him and he was subdued by store personnel. He was seventeen years and three months old at the time and had been scheduled to appear before the Juvenile Court on an earlier robbery complaint.
The Juvenile Court found probable cause for mandatory bindover to the general trial division of the Cuyahoga County Common Pleas Court. The indictment alleged one count of aggravated robbery, a first degree felony, and a three year gun specification.
During plea bargaining, involving both the instant felony (Cuyahoga C.P. No. 359588) and a second case on an indictment for robbery (Cuyahoga C.P. No. 359589), Purewal and his mother reached an agreement with the prosecutor. On April 9, 1998, Purewal would plead guilty, in Cuyahoga C.P. No. 359588, to the lesser offense of robbery, a second degree felony, and the gun specification, with an agreed sentence of five years incarceration (two to eight years for the robbery and three years for the gun specification). The plea on the other robbery charge and sentence was also part of the record. A sentence of five years actual incarceration for both indictments was agreed upon by the parties. Before taking the pleas, Judge McCormick specifically asked Purewal about being under the influence of drugs, alcohol or medication and Purewal denied any such impairment.
On May 1, 1998, Purewal's attorney made an oral motion to withdraw his formerly-entered plea of guilty. When asked the basis Purewal explained his mother and family wanted him to go to trial. Purewal denied any other basis or evidence in support of his motion and it was denied by Judge Callahan. The agreed upon sentence of five years actual incarceration was imposed in addition to restitution and costs.
Purewal, through another lawyer, filed a written motion to vacate his plea with a request for an oral hearing and -that was denied. It is from the denial of this motion that Purewal assigns two errors for our review.
 I. THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE THE PLEA ABSENT A HEARING.
II. THE PLEA WAS NOT MADE KNOWINGLY AND INTELLIGENTLY.
Purewal argues that his guilty plea before Judge McCormick was not knowingly, voluntarily or intelligently given because his intellect and, consequently, his judgment were impaired at that time by drugs and alcohol. He alleges a failure to comply with Crim.R. 11(C)(2) and argues that, pursuant to Crim.R. 32.1, his conviction should be vacated "to correct a manifest injustice".
Crim.R. 11(C)(2) requires:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
A judge, in taking a plea, must substantially comply with Crim.R. 11(C)(2)(a) (b). State v. Colbert (1991), 71 Ohio App.3d 734,737, 595 N.E.2d 401, 403. Substantial compliance "means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476. Furthermore, "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect." State v. Scott
(1996), 113 Ohio App.3d 401, 402, 680 N.E.2d 1297, 1298. Therefore, upon review "a finding of compliance with the rule can be based upon a consideration of the totality of the circumstances surrounding the entry of the plea." State v. Carter (1979),60 Ohio St.2d 34, 396 N.E.2d 757. See, also, State v. Nero, supra;State v. Colbert, supra.
Further, "a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such a plea was not knowingly and voluntarily made."State v. Sabatino (1995), 102 Ohio App.3d 483, 486, 657 N.E.2d 527. It is a difficult task for a judge to determine whether a defendant subjectively understands the implication of his plea, and the waiver rights, but if the defendant receives the proper information, then we can ordinarily assume he understands the information. State v. Carter, supra.
A hearing on a post-sentence motion to withdraw a guilty plea is only required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. State v. Nathan (1995), 99 Ohio App.3d 722, 725,651 N.E.2d 1044. According to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea is only granted in order to correct a manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. The burden of establishing a manifest injustice is upon the defendant. State v. Legree (1988), 61 Ohio App.3d 568,572, 573 N.E.2d 687. Additionally, "where the [defendant] and his attorney have an opportunity at a hearing to assert to the court the reasons why the [defendant] should be able to withdraw his plea, he has been given a `full hearing on the merits.'" State v.Hall (April 27, 1989), Cuyahoga App. No. 55289, unreported, citing,State v. Maistros (March 25, 1982), Cuyahoga App. No. 43835, unreported.
In the case sub judice, Purewal, represented by competent counsel, entered into lengthy pretrial discussions with the prosecution and his mother, which led to an agreeable solution, satisfactory to all parties involved. This solution, a plea of guilty to the charge of robbery, with a gun specification, coupled with an understanding of a recommendation of a sentence of five years, was then presented to Judge McCormick. The transcript of that hearing does not reflect any immaturity or lack of comprehension by Purewal. Indeed, there is an express denial by him of any alcohol, drug or medication influence.
Purewal was diligently informed of his constitutional rights as well as the consequences of his plea and the judge determined that Purewal was entering into this plea agreement in a knowing, intelligent and voluntary fashion. As a result, it is clear that the requirements of Crim.R. 11(C)(2) were satisfied.
On the matter of Judge Callahan's alleged failure to conduct a hearing before denying Purewal's oral motion to withdraw his plea prior to sentencing and post-sentence motion to vacate, we find no error. Purewal failed to present credible evidence, outside of mere assertion, to validate his claim of impaired judgment. The record is devoid of affidavits or exhibits that corroborate his assertions. State v. Hall, supra. At the sentencing hearing, Purewal and his attorney were questioned and afforded an opportunity to state any basis or evidence regarding vacation of the guilty plea and provided unsatisfactory and less than compelling responses. There was no manifest injustice in denying Purewal another hearing prior to dismissing his written motion to vacate.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue cut of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY McMONAGLE, P.J.
ANNE L. KILBANE, J.,
MICHAEL J. CORRIGAN, J. CONCURS IN JUDGMENT ONLY.