Appellant, Lillian Crosby, claims Judge Thomas Patrick Curran erred in denying her Crim. R. 32.1 motion to withdraw her guilty pleas to involuntary manslaughter and child endangering. She claims that the cause of her child's death was undetermined and, because of her learning disabilities, her pleas were not knowingly or voluntarily made. For the following reasons, we disagree and affirm.
On November 25, 1994, Jermaine Crosby, four-months old, was found dead. The Coroner found the cause of death to be acute bronchitis and bronchopneumonia due to malnutrition, with emaciation, growth retardation and severe chronic thymic atrophy. He was one of six children born to Crosby who was twenty-six years old. One sibling had preceded him in death due to SIDS; her other children's ages ranged from two to nine years.
She was indicted for involuntary manslaughter with two counts of child endangering with violence specifications. With her guilty pleas to involuntary manslaughter and one count of endangering a child, she also agreed to waive any rights to shock or super shock parole. She was sentenced to a term of two to ten years imprisonment on count one and a consecutive term of two to five years on count two. The second term of imprisonment was suspended, and she was given a term of eighteen months probation following her release from prison.
In August 1996, Crosby's motion to suspend execution of her sentence and for shock probation was denied. In January 1998, Crosby filed a motion to withdraw her guilty pleas, which motion was denied in February 1998.
Crosby's assignments of error are interrelated and will be addressed concurrently. They read:
 I. THE TRIAL COURT ERRED IN ITS RULING, DENYING APPELLANT'S MOTION TO WITHDRAW HER PLEA.
 II. THE TRIAL COURT DENIED APPELLANT'S (SIC) OF DUE PROCESS WHEN IT FAILED TO HOLD A COMPETENCY HEARING. (SIC)
Crosby argues that the judge erred in denying her motion to withdraw her guilty pleas as her pleas were not knowingly, intelligently, and voluntarily given due to her mental defect. Crosby further argues that she was denied due process because the judge, placed on notice of her defect, ignored his duty to make a further inquiry to determine her competence after she entered her pleas. In support of her claim of manifest injustice, Crosby states that the cause of death of her child was declared "undetermined" by the coroner.
Crim. R. 32.1 states
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Manifest injustice, while not specifically defined, has been interpreted as being a "clear or openly unjust act." State exrel. Schneider v. Kreiner(1998), 83 Ohio St.3d 203,699 N.E.2d 83.
Crim.R. 11(C)(2) states:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
A trial court, in accepting a plea, must substantially comply with Crim.R. 11(C)(2)(a) (b). State v. Colbert(1991),71 Ohio App.3d 734, 737, 595 N.E.2d 401, 403. Substantial compliance "means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero(1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474,476. "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect." State v. Scott(1996), 113 Ohio App.3d 401,402, 680 N.E.2d 1297, 1298. Upon review, "a finding of compliance with the rule can be based upon a consideration of the totality of the circumstances surrounding the entry of the plea."State v. Carter(1979), 60 Ohio St.2d 34,396 N.E.2d 757; see, also, State v. Nero(1990), 56 Ohio St.3d 106,564 N.E.2d 474; Colbert, supra.
It is a difficult task for a court to determine whether a defendant subjectively understands the implication of his plea, and the waiver of rights, but if the defendant receives the proper information, then we can ordinarily assume he understands the information. State v. Carter(1979), 60 Ohio St.2d 34, 38,396 N.E.2d 757.
In the case sub judice, it is apparent from the record that Crosby was fully informed of her constitutional rights as well as the potential penalty she would or could receive as a result of the waiver of these rights. Consequently, in order to rebut the supposition of compliance with Crim. R. 11, Crosby needs to produce affirmative evidence to the contrary. A petition for post conviction relief, based upon Crim. R. 11, is properly dismissed without a hearing where the petitioner fails to submit evidentiary materials containing sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson
(1980), 64 Ohio St.2d 107, 413 N.E.2d 819; State v. Blankenship
(1996), 115 Ohio App.3d 512, 685 N.E.2d. 831. Although this appeal involves a motion to withdraw a guilty plea, the same principles apply.
Crosby asserts that: (1) she is mentally deficient; (2) that the coroner ruled the cause of death as "undetermined"; and (3) and that the trial court failed to hold a competency hearing to determine her ability to subjectively understand the proceedings. In support she provides an affidavit signed by her sister, Kathryn Oliver, claiming that Crosby is "learning disabled, and has been so throughout her life" and that "Crosby maintains her innocence to this very day". She also provides a copy of the coroner's verdict and report of autopsy of Jermaine Crosby.
A careful review of the record reveals that Crosby's assertions are contradictory to the evidence presented to the judge in both the plea hearing, and at sentencing. The record demonstrates that when the judge questioned Crosby, a high school graduate, concerning her rights, she was fully informed of the consequences of her pleas, and fully understood the judge's explanation thereof. A sibling's contentions regarding Crosby's difficulty in understanding or using the written or spoken language fail to establish that Crosby was incompetent in 1995. Further, the coroner's report, clearly states the cause of death of the child as "[a]cute bronchitis and bronchopneumonia due to: malnutrition, with emaciation, growth retardation, and severe thymic atrophy. MANNER UNDETERMINED." It is clear that, in her argument Crosby confuses the cause of death and the manner. There was no manifest injustice resulting from Crosby's pleas or sentencing. Judge Curran did not err when he determined, without hearing, that Crosby was mentally competent, fully understood the implications of her pleas, and was the proximate cause of her son's death.
Accordingly, these assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; JAMES D. SWEENEY, J.,CONCURS IN JUDGMENT ONLY.
 ___________________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac. R. II, Section 2(A)(1).