I respectfully dissent. Crim.R. 11(C)(2)(a) expressly provides that a trial court "shall not accept" a guilty plea without first determining that the defendant is making the plea with the understanding "that he is not eligible for probation."[1]
Unfortunately, the trial court did not comply with this requirement in the case at bar.
Despite this defect, my colleagues affirm the trial court's judgment, but do not agree on a consistent rationale. I am unable to join them because doing so requires going beyond the cited caselaw and because the case at bar simply involves too many shortcuts and irregularities to reach such a conclusion with any confidence.
We all agree that these were not model proceedings. The trial court's journal entry does not even correctly impose the sentence mandated by law. Affirming such a sentence, in fact, may lead to defendant serving less than his lawful sentence. Ironically, to affirm, one must conclude that defendant understood the correct terms of his sentence, even when the record leaves doubt about whether the trial judge explaining it to him did. What makes the conclusion that defendant understood his sentence even more dubious is that the prosecution's brief on appeal also reflects an erroneous understanding of the sentence in this case.
There are two reasons why defendant was ineligible for probation in this case. The first reason is that he pleaded to, and was found guilty of, two offenses with accompanying prior aggravated felony specifications. Such offenses are categorically non-probationable by statute. R.C. 2929.11(B)(2)(b) expressly provides that "the minimum term shall be imposed as a term ofactual incarceration of eight, nine, ten, eleven, or twelve years, and the maximum term shall be fifteen years." [2]
"Actual incarceration," by definition, means imprisonment for the term without probation or release of any kind. R.C.2929.01(C)[3]
The trial court's sentencing entry does not specify actual incarceration on this or any element of his sentence. It provides as follows:
 IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT SAID DEFENDANT, RICHARD COLLINS, IS SENTENCED TO LORAIN CORRECTIONAL INSTITUTION FOR A TERM OF TWELVE (12) TO FIFTEEN (15) YEARS ON EACH COUNT ONE AND TWO, COUNTS CONCURRENT AND THREE (3) YEARS ADDITIONAL ON GUN SPECIFICATIONS [SIC]
CONSECUTIVE TO COUNT TWO.
Failure to specify the minimum term of twelve years actual incarceration on each offense in the journal entry leaves in doubt whether defendant could be released before serving the entire twelve-year-minimum term on each underlying offense.
An independent reason that defendant was ineligible for probation is that he used a firearm in the commission of the offenses. R.C. 2929.71 specifically provides that, on the firearm specification, trial courts "shall impose a term of actual incarceration of three years in addition to * * * an indefiniteterm of imprisonment" on the underlying offense. R.C.2951.02(F)(3) provides further that the trial court cannot grant probation on either the firearm specification or an underlying felony committed with a firearm.[4]
Not only did the trial court fail to mention these terms, but its sentencing entry does not correctly specify that (1) the three-year term for the firearm specification requires actual incarceration, or (2) the "three-year term of actual incarceration * * * shall be served consecutively with, and prior to, the * * * indefinite term of imprisonment." R.C.2929.71(A)(3). Failure to specify these terms leaves in doubt whether defendant could be released before serving a total statutory minimum period of fifteen years of actual incarceration. In light of all the shortcuts and muddled statements at the plea hearing, as well as the subsequent omissions in the court's journal entry, it takes quite a stretch to conclude that defendant was adequately informed about the terms of his sentence and knew he was going to jail without probation.
The record in the case at bar unambiguously shows that the trial court (1) did not inform defendant that he was ineligible for probation, (2) did not inform defendant that he was subject to any term of actual incarceration, and (3) did not make a finding that defendant otherwise understood he was ineligible for probation.
The main opinion argues that the totality of circumstances shows "substantial compliance." In State v. Nero (1990), 56 Ohio St.3d 106,108, the Supreme Court of Ohio stated:
 Substantial compliance means that under the totality of the circumstances the defendant subjectively
understands the implications of his plea and the rights he is waiving. (Emphasis added.)
In support of its claim of substantial compliance, the main opinion points to two circumstances: (1) the trial court informed defendant of the minimum and maximum terms of his sentence,[5]
and (2) the trial court stated that "the gun specification would have to be served first."
Informing the defendant of the minimum and maximum is not inconsistent with probation. When imposing an indefinite sentence, a trial court must always state the minimum and maximum term of imprisonment. Stating these terms, or stating that one of multiple sentences must "be served first," reveals nothing whatsoever about probation because, in appropriate cases, the court may, after imposing such sentence, suspend execution of the sentences of imprisonment imposed and place the offender on probation. R.C. 2929.51(A)
Nothing in the transcript quoted in the main opinion is inconsistent with probation. The main opinion argues, however, that the trial court's statement that the "gun specification would have to be served first" revealed to defendant that he was going to jail. However, by its own terms, this statement does not specify actual incarceration or non-probationability on either the firearm or the accompanying charge. It merely indicates the order in which one sentence follows another.
The relevant question is whether the offender was informed orotherwise knew that he was ineligible for probation, not whether he knew the minimum, maximum, or sequence of his potential sentences. In other words, if there is no evidence that the court expressly informed him of his ineligibility for probation, this court may consider whether there is evidence that he otherwise knew. There is nothing in the record, however, to indicate defendant otherwise knew.
Instead, the main opinion argues that no "reasonable person" in defendant's position would believe he was eligible for probation. (Ante at p. 8.) This argument, however, improperly substitutes anobjective standard — what a reasonable person would understand — for the subjective standard — what this particular defendant understood — required by Crim.R. 11(C)(2)(a) and the Supreme Court in Nero.[6]
The main opinion also asserts that because of his "heinous crime" defendant had no reason to expect probation. Such an exception is not found in Criminal Rule 11 or anywhere else. A case might be made for a crime clearly carrying a death penalty, but it would be difficult to determine expectations on a rhetorical classification such as "heinous crime."
Finally, the unreported case of State v. Beamon (Mar. 25, 1999), Cuyahoga App. No. 73813. unreported, cited in the main opinion, is factually distinguishable because it provided the information missing here. The trial court specifically informed defendant of "actual incarceration" and "post-release control." Id. at pp. 3-4. Other cases of this court have also relied upon similar information missing from the case at bar. E.g., State v.Williams (Oct. 23, 1997), Cuyahoga App. Nos. 71152, 71153 and 71154, in which the trial court used the terms "mandatory sentence" and "actual sentence." Id. at p. 2. See also State v.Benjamin (Sept. 3, 1998), Cuyahoga App. No. 73017, in which the trial court used the word "nonprobationable" and repeatedly used other words in plain English that informed defendant he was going to prison. Id. at pp. 9-11.
In the case at bar, on the other hand, the trial court did not use the words "mandatory," "actual incarceration," "nonprobationable" or inform defendant that he was going to prison. While I agree that the trial court is not required to use these or any other specific words, it must, nevertheless, either convey the information or determine that defendant otherwise subjectively understands that he is not eligible for probation. The trial court in the case at bar did not inform defendant or make such a finding, and one must resort to legal fiction to conclude on this record that defendant subjectively knew he was ineligible for probation. State v. Meyers (Oct. 13, 1994), Cuyahoga App. No. 66912, unreported at p. 2, citing State v.Calvillo (1991), 76 Ohio App.3d 714[, 719].
The separate concurring opinion in the case at bar ignores the Supreme Court's most recent pronouncement on this issue in Nero.
The concurring opinion concedes error, but contends no prejudice occurred in this case and, in support, also quotes the syllabus of State v. Stewart (1977), 51 Ohio St.2d 86. The syllabus ofStewart provides as follows:
 Where an individual is indicted on a charge of aggravated murder, with specifications thereto, and the trial court accepts a plea of guilty to the lesser included offense of murder (R.C. 2903.02) without personally advising the defendant that he is ineligible for probation, such omission does not constitute prejudicial error, and there is substantial compliance with the provisions of Crim. R. 11. (Paragraph one of the syllabus in State v. Caudill, 48 Ohio St.2d 342, modified.)
It is well established that the syllabus of a Supreme Court decision must be read in light of the facts and circumstances of the particular case upon which it is premised. S.Ct.R.Rep.Op. 1(B); Fenner v. Parkinson (1990), 69 Ohio App.3d 210, 214. This would appear to be particularly true when the syllabus involves a fact-bound determination such as the presence or absence of prejudice in any particular case.
The case at bar has numerous obvious factual differences from those of Stewart. In Stewart the charged offense was aggravated murder, which carried a death penalty, and defendant pleaded guilty to murder, which carried a maximum life sentence. By pleading to less than the worst possible offense under the criminal code of capital murder, defendant avoided the death penalty, but not jail entirely. Not only was defendant in the case at bar not charged with such a grave offense, but he pleaded guilty to the less serious charge of felonious assault.
More importantly, however, the defendant in Stewart executed a written document stating that "no officer or agent of any branch of government (Federal, State or local) nor any other person, has made a promise * * * that I would receive * * * probation * * *.Id. at 91. Because the record in Stewart revealed that the parties discussed the subject of probation, rather than omitted any discussion of it entirely as in the case at bar, there was a much stronger basis to infer that defendant had already been advised he was ineligible for probation so that no prejudice could result from the court's failure to tell him a second time of the same matter.
Further distinguishing the two cases is the Supreme Court's emphasis that the matter in Stewart was never referred for a presentence report, which is necessary when granting probation.Id. at 92; Crim.R. 32.2. The case at bar was referred, however, for such a presentence report. Under these different factual circumstances, the argument concerning the lack of prejudice ignores the central issue and is unpersuasive.
Because the trial court failed to make the necessary findings and its language does not meet the mark in more than one way, and because my colleagues have not pointed to any circumstances in the record indicating that defendant subjectively knew he was ineligible for probation, I am unable to conclude (1) that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a), or (2) that no prejudice resulted from its failure to do so. For these reasons, I respectfully dissent.
[1] Crim.R. 11(C)(2)(a) provides as follows:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved and, if applicable, that he is not eligible for probation.
[2] The prosecution's brief on appeal incorrectly states the effect of a prior aggravated felony specification, when it states: "Furthermore, Appellant plead [sic] guilty to felonious assault with a firearm, which is an aggravated felony of the second degree and, as such, requires actual incarceration pursuant to R.C. 2929.11 (A)(2)(b)." (Brief at p. 3.) This sentence culminates in a non-sequitur. The phrase "as such" refers to aggravated felonies of the second degree. Such felonies, per se, do not require actual incarceration, however.
[3] R.C. 2929.01(C) provides as follows: "`Actual incarceration' means that an offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. If a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation * * *".
R.C. 2951.02 (F)(5) likewise provides in pertinent part as follows: "(F) An offender shall not be placed on probation * * * when * * * (5) [t] he offender * * * is sentenced to a term of actual incarceration."
[4] R.C. 2951.02(F)(3) provides that "[a] n offender shall not be placed on probation * * * when * * * [t] he offense was committed while the offender was armed with a firearm."
[5] The prosecutor's brief offered the following string of non-sequiturs to support this argument:
 From the discussion between the trial court and defendant, it is clear that the court, by informing him that there would be a minimum term of incarceration, informed him that he would be sentenced to a term of actual incarceration and, as such, would consequently be ineligible for probation or super-shock probation.
Id. at p. 6; Brief at p. 5.
[6] This court previously misstated this subjective standard as an objective one. In State v. Scott (1996), 113 Ohio App.3d 401,403, this court misquoted the Supreme Court in Nero as follows:
 "Substantial compliance means that under the totality of the circumstances the defendant objectively [sic]
understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. (Emphasis added).
Actually, the Supreme Court wrote "the defendant subjectively understands." This erroneous statement of law in Scott should be repudiated.
There is a critical distinction between objective and subjective standards. The difference goes to the issue of whether we may deem or impute knowledge.