DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Derrick English, appeals his convictions for seven drug-related offenses in the Lorain County Court of Common Pleas. We affirm.
On January 20, 1999, Defendant pleaded guilty to one count of engaging in corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree; and three counts of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the first degree, and one count a felony of the second degree. Defendant pleaded guilty to a major drug offender specification accompanying each of the foregoing charges. He also pleaded guilty to one count of permitting drug abuse in violation of R.C. 2925.13(A) and one count of possession of drug abuse paraphernalia in violation of R.C. 2925.14(C)(1).
Defendant refused to participate in the preparation of a presentence investigation report. On January 29, 1999, Defendant moved to withdraw his guilty plea pursuant to Crim.R. 32.1. At that time, defense counsel also moved to withdraw from representation. The trial court set the motion to withdraw the plea for a hearing, permitted counsel to withdraw, and appointed new counsel for the purposes of the hearing on the motion. The trial court commenced a hearing on February 5, 1999. On February 12, 1999, the trial court completed the hearing, denied the motion, and proceeded to sentencing.
Defendant was sentenced to concurrent prison terms totaling seventeen years, and the trial court ordered two automobiles owned by Defendant to be forfeited to the State of Ohio. Defendant timely appealed.
ASSIGNMENT OF ERROR I
 The trial court abused it's [sic] discretion by denying [Defendant's] motion to withdraw his guilty plea.
In his first assignment of error, Defendant has argued that the trial court incorrectly denied his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree.
Crim.R. 32.1 permits a defendant to move the trial court to withdraw a previously entered guilty plea prior to sentencing. The rule does not, however, establish an absolute right to withdraw a guilty plea before sentence is entered. State v. Xie
(1992), 62 Ohio St.3d 521, paragraph one of the syllabus. Rather, the determination of whether there is a "reasonable and legitimate basis" to permit withdrawal of the plea lies within the sound discretion of the trial court. Id. at paragraphs one and two of the syllabus. Consequently, we review the trial court's determination for abuse of discretion. State v. Newland (1996),113 Ohio App.3d 832, 837.
During the hearing, Defendant testified that his decision to plead guilty was influenced by the belief that his attorneys had reached an agreement with the State. Defendant's former attorney testified that he had visited Defendant in jail and had informed him at that time of his opinion that a guilty plea would be in Defendant's best interests. He stated that he had informed Defendant of the potential consequences of a plea and had reviewed the strengths and weaknesses of the case. He also recalled that he informed Defendant that a guilty plea could produce the possibility of favorable consideration by the State "depending on what occurred and what did not occur." Notably, counsel observed that "there was no guarantee" of positive consideration. The prosecuting attorney confirmed that no plea agreement had been reached.
The trial court, after hearing the evidence presented at the hearing, concluded:
 * * * I believe the evidence has been consistent and essentially has been that there was no promise, there was no plea bargain in this case.
* * *
 As I see it, at most, there were discussions which Mr. English understood that maybe he would be able to post a bond, and that maybe if he posted the bond, he would be able to renew some contacts in the drug community, and maybe if he renewed those contacts, they would be sufficient to cause law enforcement or the State to look at the possibility as to whether they should take a position or urge the Court that the Defendant has cooperated and should be given some consideration. Those are a lot of maybes ***. This is not a promise or a plea bargain in any way, shape, or form.
Given the evidence in the record, we are not persuaded that the trial court's determination was motivated by "perversity of will, passion, prejudice, partiality or moral delinquency." See Statev. Green (1996), 116 Ohio App.3d 56, 59. Accordingly, Defendant's contention that this determination constituted an abuse of discretion is not well taken, and his first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 [Defendant] did not enter an [sic] voluntarily and knowingly [sic] plea of guilty.
Defendant has argued in his second assignment of error that his guilty plea was not knowingly, voluntarily, and intelligently made. The record, however, indicates otherwise.
Before accepting a guilty plea, the trial court must inform a defendant of the right to counsel and must personally address the defendant to determine whether (1) the plea is being made voluntarily and with knowledge of the charges and potential penalties involved; (2) the defendant understands the effect of the guilty plea; and (3) the defendant understands that the guilty plea constitutes waiver of the rights to jury trial, to confront and call witnesses, to have guilt proved beyond a reasonable doubt, and to be tried with the right not to testify. Crim.R. 11(C); State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,424. This procedure fully encompasses the requirements of the United States Constitution with respect to the knowing, voluntary nature of a guilty plea. State v. Johnson (1988),40 Ohio St.3d 130, 133, certiorari denied (1989), 489 U.S. 1098,103 L.Ed.2d 940. Consequently, our review of Defendant's allegations must concentrate on whether the trial court complied with the dictates of Crim.R. 11. State v. Scott (1996), 113 Ohio App.3d 401,403.
The trial court in this case meticulously complied with the dictates of Crim.R. 11(C) by informing Defendant of the nature of the charges against him and the penalties that would result from a conviction. The court apprised Defendant of the rights that would be waived by a guilty plea. In addition, the court conducted the following inquiry:
The Court: Mr. English, are you a United States citizen?
Defendant: Yes.
 The Court: Has anyone forced you in any way to plead guilty?
Defendant: No.
 The Court: Has anyone threatened you causing you to plead guilty?
Defendant: No.
 The Court: Have there been any promises or representations made causing you to plead guilty here today?
Defendant: No.
 The Court: I'm holding up and showing you a yellow plea s[h]eet, and on the very last page of the plea sheet
I'm showing you the signature of Derrick L. English.
Is that your signature?
Defendant: Yes.
 The Court: Did you read this plea sheet entirely before you signed it?
Defendant: Yes.
The court then noted an ambiguity on the face of the written plea:
 The Court: * * * Before we go any further, I notice that — the answer to question number 8 has me concerned. The question is, "Has anyone used any force or made any promises to you in order to get you to plead guilty?" and you wrote, "Yes."
Defendant: I mean — I meant no on that one.
Defendant has argued that the trial court should have inquired further into the inconsistent answer provided on the plea sheet. The record, however, indicates that Defendant verbally informed the court that he had not been the subject of force or coercion. He affirmatively stated that the written answer was an error. He also informed the court that he fully understood the contents of the plea sheet and noted that none of the information contained therein was incorrect.
Under these circumstances, we cannot conclude that the trial court erred in determining that Defendant's guilty plea was entered knowingly, voluntarily, and intelligently. Defendant's second assignment of error is overruled.
ASSIGNMENT OF ERROR III
 The conduct of [Defendant's] attorneys constitutes ineffective assistance of counsel.
Defendant's final assignment of error alleges that he was deprived of the effective assistance of counsel prior to entering his guilty plea. Specifically, he has argued that his attorney coerced him to plead guilty with the promise of a plea agreement that was not honored.
Appeals based on ineffective assistance of counsel are governed by a standard of objective reasonableness. Strickland v.Washington (1984), 466 U.S. 668, 688, 80 L.Ed.2d 674, 693-94;State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768. Under this standard, a defendant must show deficiency in the performance of counsel "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland v. Washington, 466 U.S. at 687, 80 L.Ed.2d at 693. As applied to guilty pleas, the defendant must also show prejudice by demonstrating a reasonable probability that, but for the errors of counsel, he would have proceeded to trial in lieu of a guilty plea. State v. Xie, 62 Ohio St.3d at 524. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland v. Washington, 466 U.S. at 689,80 L.Ed.2d at 694.
As noted supra, the record does not evidence the existence of a plea agreement between Defendant and the State. Defendant stated for the record that no promises or representations had led him to plead guilty. Given this information, we are unable to conclude that, but for trial counsel's actions, Defendant would have pursued his right to trial. Defendant's final assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
WHITMORE, J., CONCUR