While I agree we are constrained by stare decisis to follow existing authority, I am writing separately to voice my concern regarding our court's conclusion that, when accepting a plea, a trial court does not have to inform a criminal defendant of the constitutional right which requires the state to prove her guilt beyond a reasonable doubt at trial.
The majority acknowledges that the trial judge here failed to advise Barnes of the state's burden and determine if she knowingly, voluntarily and intelligently waived it. As such, the narrow issue presented in this case is whether procedural due process requires a court to inform a defendant of all five of their constitutionally protected rights listed in Crim.R. 11(C)(2)(c). That rule states in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
* * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. (Emphasis added.)
This rule, which became effective on July 1, 1976, is Ohio's codification of the constitutional dictate of the United States Supreme Court in Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274, wherein the court held that failure of the court to inform a defendant of three of these rights — the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers — constituted reversible error.
In State v. Ballard (1981), 66 Ohio St.2d 473, the Supreme Court of Ohio followed Boykin and recognized the need for strict compliance as to informing a defendant about the fourth constitutional right — the right to compulsory process — holding in its syllabus:
 Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self- incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.
To date, neither the United States Supreme Court nor the Supreme Court of Ohio has directly addressed the issue of whether strict compliance with the fifth constitutional right — the reasonable doubt standard — is also required. In State v. Sturm (1981), 66 Ohio St.2d 483, the court merely pointed out in a footnote that the United States Supreme Court did not enumerate this right in Boykin.
In State v. Scott (1996), 113 Ohio App.3d 401, our court addressed this issue, and concluded that, because the Boykin court did not list the reasonable doubt standard as a constitutional right, [I]t is not a constitutional right, but a statutory right. Scott, at 406. This determination by our court ignores the post- Boykin determination of the United States Supreme Court as stated in the case of In re Winship (1970)397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368:
 Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In trial, this important right is always explained to the jury by a verbatim reading of the statutory definitions.
Although this panel is bound to follow our reported decision in Scott, I do not agree with that opinion. As made abundantly clear in Winship, the reasonable standard is a constitutional right, and therefore should be afforded the same strict compliance as the other four rights listed in Crim.R. 11(C)(2)(c).
As Judge Mahoney pointed out in his dissent in State v. Teter (Sep. 5, 1990), Wayne App. No. 2543, unreported:
 I personally fail to see how our Supreme Court can require that a defendant be informed in an intelligent manner as to four of the constitutional rights set forth in Rule 11 but only a "substantial compliance" standard as to the fifth constitutional right set forth in Rule 11. This is an anomaly. Additionally, the latter standard requires a showing of prejudice by the omission to inform whereas the former does not. It is incongruous. In this case, there was a complete omission to reasonably inform the defendant of the state's burden of proof beyond a reasonable doubt.
This requires reversal per se in my opinion.
Accordingly, although we are constrained to follow reported decisions of our court, I believe our court should revisit the issue, and I would invite the Ohio Supreme Court to entertain this specific issue on appeal.