ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Teddy Morrow ("defendant") appeals from the Cleveland Municipal Court's order that overruled his motion to withdraw his plea without holding a hearing. For the reasons that follow, we affirm.
 {¶ 3} On May 19, 2004, defendant entered a plea of no contest and was found guilty of domestic violence, a misdemeanor of the first degree. On May 27, 2004, the municipal court imposed a $1,000 fine and sentenced defendant to serve 180 days at the workhouse. Defendant filed an unsuccessful motion to stay execution of his sentence and has since completed it. This Court denied defendant's motion to file a delayed appeal and previously dismissed the instant appeal. On reconsideration, the matter was reinstated for the limited purpose of allowing defendant to challenge the municipal court's ruling on his motion to withdraw his plea. See Entry No. 365250. Accordingly, Assignment of Error III,[1]
which attempts to challenge defendant's sentence imposed, is denied.
 {¶ 4} Assignments of Error I an II state:
 {¶ 5} "I. Defendant was denied due process of law when the court overruled his motion to withdraw his plea.
 {¶ 6} "II. Defendant was denied due process of law when he was not granted a hearing on his motion to withdraw his plea."
 {¶ 7} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which state:
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. This Court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act.' * * * `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502.
 {¶ 10} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra at paragraph 2 of the syllabus.[2] Our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 11} The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001 [citations omitted].
 {¶ 12} Defendant claims he did not enter a knowing or intelligent plea of no contest because he claims that the trial court failed to advise him what a plea of no contest meant and its effect. He also contends that he did not understand the domestic violence charge against him and that his plea should be vacated for that reason. Defendant relies on Crim.R. 11. The appellee has not submitted a brief in response. As set forth below, the municipal court did not err in overruling defendant's motion to withdraw his guilty plea without a hearing.
 {¶ 13} Crim.R. 11(E) governs pleas in misdemeanor cases and provides that "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." We review the record to determine whether the judge substantially complied with this rule. City of Beachwood v. Barnes (Oct. 25, 2001), Cuyahoga App. No. 78841, citing State v. Scott (1996), 113 Ohio App.3d 401, 406, citingState v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 14} The record reflects that defendant's counsel advised the court of defendant's intention to enter a no contest plea with a consent to a finding of guilt. The judge addressed defendant and ascertained whether he understood his rights, including the presumption of innocence, the State's burden of proof, the right to a jury, the right to confront witnesses, and the right to testify or to remain silent. The judge advised that by entering a plea, he would forfeit those rights. Defendant said he understood and that he was satisfied with his attorney's representation. The judge advised, and defendant said he understood, that his plea subjected him to a finding of guilt, which could result in a six-month sentence. Defendant denied being forced to enter the plea or being promised anything in exchange for it.
 {¶ 15} We have repeatedly held that courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges.State v. Cobb (March 8, 2001), 2001-Ohio-4132; State v. Rainey (1982),3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407,412.
 {¶ 16} Contrary to defendant's assertions, there is no indication in the record that he did not understand the nature of the charges against him and/or did not understand the meaning of a no contest plea or its effect. We find that the trial court substantially complied with Crim.R.11. Further, defendant offered no evidence beyond the unsworn allegations in his motion that would substantiate his claims of entering an involuntary or unintelligent plea to the charges against him. Accordingly, the trial court did not err by overruling his post-sentence motion to withdraw his plea without holding a hearing.
 {¶ 17} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., Concur.
[1] "III. Defendant was denied due process of law when the court refused to modify the sentence which was entered in violation of the Sixth and Fourteenth Amendments."
[2] "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v.Caraballo (1985), 17 Ohio St.3d 66, 67, 17, Ohio B. 132, 477 N.E.2d 627, citing State v. Peterseim (1980), 68 Ohio App.2d 211, 213,428 N.E.2d 863, quoting Kadwell v. United States (C.A.9, 1963),315 F.2d 667.