THE STATE OF OHIO, APPELLEE, *v.* STURM, APPELLANT.

(No. 80-1080—Decided June 24, 1981.)

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Marc R. Wolff,* for appellee.

*Mr. J. Dean Carro,* for appellant.

*Per Curiam.* In *State* v. *Ballard* (1981), 66 Ohio St. 2d 473, decided this day, we held, in paragraph one of the syllabus:

"Prior to accepting a guilty plea from a criminal defen-

dant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses."

Additionally, we held that a trial court will be deemed to have complied with this requirement, even when the exact language of Crim. R. 11(C) is not used, as long as the right is explained in a manner reasonably intelligible to the defendant.

Here, a review of the record[1] reveals that the trial court did not, in any manner, inform appellant of his right to confront his accusers.[2] The right to confront one's accusers is one of the rights about which, in *State* v. *Ballard, supra,* we stated a trial court must inform a criminal defendant.

---

[1] In advising appellant that his plea would be a waiver of his constitutional rights, the court said:

"THE COURT:***Now, sir, by pleading guilty, you waive quite a few rights that you have, constitutional rights. Probably the most important one is, you waive the right to a trial by a jury by pleading guilty. If you didn't plead guilty, and this case went on to trial, the State would bring in twelve people who would have to sit as a jury and before you could be found guilty, each one of those twelve people would have to agree that you are guilty.

"Withdrawing your plea of not guilty, and entering this plea of guilty, you are waiving the right to have this case tried to that jury. Do you understand that?

"DEFENDANT STURM: Yes, sir.

"THE COURT: You are aware of that; and during that trial, you would have the right and the State would have to help you bring witnesses in to testify in your behalf whether the witnesses wanted to come or not. You could get them in here, and the State would have to help you get them in here. But, by pleading, you are waiving that. Are you aware of that?

"DEFENDANT STURM: Yes, sir.

"THE COURT: And during that trial, you know you won't have to take the stand. You wouldn't have to testify, and the State wouldn't be allowed to even make a comment about the fact that you didn't testify, but your plea waives that, also, today?

"DEFENDANT STURM: Yes, sir.

"THE COURT: Are you fully aware of that, sir? Now, knowing the consequences of your plea, and knowing these various rights that go by the wayside as a result of your plea, is it still your desire to plead guilty to that charge?

"DEFENDANT STURM: Yes, sir."

[2] Appellant also argues that he was not informed of his right to have the state prove his guilt beyond a reasonable doubt. While a trial court is required by Crim. R. 11(C) to inform a defendant of this right, it is not required by *Boykin* v. *Alabama* (1969), 395 U.S. 238. See *Id.* at 243. Therefore, such a failure would be tested by this court's cases interpreting Crim. R. 11(C). See, *e.g., State* v. *Stewart* (1977), 51 Ohio St. 2d 86.

Accordingly, the judgment of the Court of Appeals is reversed, the plea is vacated, and the cause is remanded to the trial court to allow the appellant to plead anew.

*Judgment reversed
and cause remanded.*

CELEBREZZE, C. J., WHITESIDE, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., concurs in the judgment.

WHITESIDE, J., of the Tenth Appellate District, sitting for P. BROWN, J.