Defendant-appellant, Flora Hileman, has moved under App.R. 26(A) for reconsideration of this court's judgment filed February 2, 1998. This court hereby reconsiders its opinion as to Hileman's first assignment of error on appeal.
Hileman was charged with violating Hamilton City Ordinance505.04 (cruelty to animals). During a hearing before the Hamilton Municipal Court, Hileman entered a no contest plea. The trial court found her guilty as charged and sentenced her. Hileman appealed, asserting in her first assignment of error that the transcript of the hearing did not demonstrate that the trial court had complied with Crim.R. 11(E) when it accepted her plea. Indeed, the transcript submitted by appellant was incomplete and, thus, did not contain the "meaningful dialogue" between the court and the defendant that is necessary to show that defendant's plea is given knowingly, voluntarily, and intelligently. See Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 218. By an entry dated December 11, 1997, this court ordered Hileman to submit a complete transcript of the plea hearing. Appellant did not respond to the order. This court then issued an opinion overruling Hileman's first assignment of error. In the absence of a response by Hileman, this court viewed the incomplete transcript as Hileman's failure to comply with her duty to provide a transcript for appellate review. See App.R. 9(B). Accordingly, this court presumed the regularity of the proceedings before the trial court and affirmed the lower court's judgment. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
In her motion for reconsideration, Hileman now informs this court that the transcript is incomplete because the "tape recorder used at the hearing was started after appellant had entered her plea, thus, no recording of her plea was ever made." Hileman argues, in essence, that since her plea does not appear in the record, the record does not show that her plea was entered in compliance with Crim.R. 11 and, as a result, the judgment against her should be reversed.
The standard of review for a motion for reconsideration is "whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue * * * that was either not considered at all or not fully considered * * * when it should have been." Matthews v. Matthews (1982), 5 Ohio App.3d 140,143. This court did not address Hileman's first assignment of error with the knowledge that a complete transcript of the plea hearing is unavailable. Therefore, Hileman's motion for reconsideration is well-taken.
Resolution of this case requires us to consider the procedural requirements espoused in both App.R. 9 and Crim.R. 11(E). App.R. 9 places the burden on an appellant to order a transcript of the lower court proceedings from the court reporter. The appellant is also responsible for transmitting the transcript, as part of the record on appeal, to the clerk of the court of appeals. App.R. 10. Where the transcript is unavailable the appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). The App.R. 9(C) statement must then be served on appellee who may file objections or propose amendments. Id. The statement and any objections or proposed amendments are to be submitted to the trial court for settlement and approval prior to transmission of the record on appeal to the appellate court. Id. The settled and approved statement then becomes part of the record on appeal. Id.
We now turn to the requirements of Crim.R. 11(E). Crim.R. 11(E) states that in misdemeanor cases involving petty offenses[1] the court shall not accept a no contest plea without "first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." A no contest plea waives several constitutional rights, including the right to trial, the privilege against self-incrimination, and the right to confront accusers. Garfield Heights at 218, citing Toledo v. Chiaverini (1983), 11 Ohio App.3d 43. See, also, Boykin v. Alabama (1969),395 U.S. 238, 243, 89 S.Ct. 1709, 1712. For this reason, several appellate districts, including this one, have held that the record must demonstrate affirmatively that a no contest plea was entered knowingly, voluntarily, and intelligently, and that the burden of demonstrating compliance with these requirements rests "squarely on the prosecution." State v. Goldbach (Sept. 29, 1992), Clermont App. No. CA92-01-013, unreported at 3. Accord, Garfield Heights at 218; State v. Brown (May 2, 1997), Lake App. No. 96-L-026, unreported; State v. Baratko (Apr. 27, 1988), Medina App. No. 1654, unreported; State v. Rogers (July 16, 1987), Cuyahoga App. Nos. 52259, 52260 and 52261, unreported.
Under the circumstances presented here — where the portion of the transcript containing the taking of the plea is unavailable and the appellant has not filed an App.R. 9(C) statement — the question that we must answer is the following: Should we should presume the regularity of the lower court's proceedings and affirm the trial court because Hileman did not fulfill her obligation under App.R. 9, or should we reverse the trial court because the record does not demonstrate affirmatively that the trial court complied with Crim.R. 11?
Ohio appellate courts addressing this same issue have reached different results. The following cases represent the split of authority. In City of North Royalton v. Kozlowski (1996), Cuyahoga App. No. 69138, unreported, where a transcript of the plea hearing was unavailable, the Eighth Appellate District placed the burden on the appellant to provide an App.R. 9(C) statement of the proceedings.
 Where a transcript of the plea hearing is unavailable, an appellant has an obligation to provide a statement of proceedings within the meaning of App.R. 9(C), (D), or (E). * * * Absent a transcript, statement of proceedings, or a good faith effort on the part of the appellant to produce an adequate record, substantial compliance with Crim.R. 11 and the waiver of defendant's constitutional rights must be presumed.
Kozlowski, unreported at 6.
In State v. Brown (1997), Lake App. No. 96-L-026, unreported, on the other hand, the trial court failed to record the hearing where the appellant entered a no contest plea. The Eleventh Appellate District considering "which party bears the burden of proving that a no contest plea, entered by an unrepresented defendant, was knowingly and voluntarily entered in the absence of a transcript of the proceedings" held in favor of the defendant and reversed the lower court's judgment. The appellate court held that the state had an affirmative duty to demonstrate compliance with the "constitutional mandates" of Crim.R. 11, i.e., "proving that appellant entered his no contest plea knowingly and voluntarily." Brown, unreported at 8-10.
Having considered both approaches, we find that the waiver of an appellant's constitutional rights merits an affirmative demonstration on the record that "the trial court explained the constitutional rights to be waived and that any waiver by a guilty or no contest plea was intelligible." Garfield Heights at 218. Only in this way can a reviewing court determine whether the trial court explained the constitutional rights and the effect of the plea in a way that was reasonably intelligible to the defendant. Id. A waiver of these constitutional rights cannot be presumed from a silent, or an absent, record. See id., citing Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712.
Based on the foregoing, we find that the city failed to meet its burden of showing that Hileman entered into her plea and waived her constitutional rights knowingly and voluntarily.[2]
On reconsideration, therefore, Hileman's first assignment of error is sustained. Hileman's conviction is reversed, the plea is vacated, and the cause is remanded to the trial court so that Hileman may "plead anew." See State v. Sturm (1981), 66 Ohio St.2d 483,485.
It is ordered that a mandate be sent to the Hamilton Municipal Court for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
YOUNG, P.J., KOEHLER and WALSH, JJ., concur.
[1] A petty offense is a misdemeanor with a penalty of no more than six months' confinement. Crim.R. 2. Cruelty to animals is a second degree misdemeanor with a maximum penalty of ninety days imprisonment and is, thus, a petty offense. City of Hamilton, Ohio, Codified Ordinances, Section 501.99.
[2] For example, the city could have supplemented the record pursuant to App.R. 9.