OPINION
This is a delayed appeal taken from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Anthony Mallon, appeals from his convictions for rape and felonious sexual penetration on the basis that the trial court failed to comply with the strictures of Crim.R. 11 when accepting his guilty pleas.
In March 1996, the Trumbull County Grand Jury returned a seven-count indictment against appellant charging him with three counts of rape in violation of R.C. 2907.02(A)(1)(b), one count of felonious sexual penetration in violation of R.C.2907.12(A)(1)(b), and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). The alleged victim was a girl who was less than thirteen years of age. Each of the rape and felonious sexual penetration charges included a specification to the effect that appellant purposely compelled submission by force or threat of force pursuant to the relevant language in R.C.2907.02(A)(2) and 2907.12(A)(2), respectively. Given this, appellant faced a potential sentence of life in prison if convicted on any of the three rape counts or the one felonious sexual penetration charge.
Appellant initially pled not guilty to the charges. Following negotiations with the state, however, appellant struck a plea bargain, to wit: he agreed to plead guilty to certain of the offenses if the original indictment was amended to delete the force specifications. On May 9, 1996, the trial court conducted a plea hearing. During this proceeding, appellant pled guilty to three amended counts of rape in violation of R.C. 2907.02(A)(1)(b) and one amended count of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b) after the state acquiesced in amending the indictment to dismiss the force specifications. Upon motion of the state, the trial court entered a nolle prosequi with regard to the three remaining charges of gross sexual imposition.
The trial court sentenced appellant to an indefinite term of imprisonment of ten to twenty-five years on each of the four convictions. The trial court further ordered the sentences to run concurrently.
After serving almost two years in prison, appellant filed an App.R. 5(A) motion on February 13, 1998 in which he requested leave to file a delayed appeal with this court. The state filed a memorandum in opposition. Upon consideration, this court granted appellant's motion and also appointed counsel to represent him.
Through this counsel, appellant now asserts the following assignments of error relating to the judgment of conviction and sentence previously handed down by the trial court:
 "[1.] The trial court erred, to the prejudice of the appellant, by accepting a guilty plea without first determining whether the appellant understood the nature of the charges against him.
 "[2.] The trial court erred, to the prejudice of the appellant, by accepting a guilty plea without first determining whether the appellant understood the effect of the plea."
In his two assignments of error, appellant proposes that the trial court erred by accepting his guilty pleas at the May 9, 1996 hearing without first ascertaining whether appellant truly understood the nature of the charges against him or the effect of his pleas. Consequently, appellant contends that the guilty pleas should be vacated and the matter remanded to the trial court so that he can plead anew.
Crim.R. 11 governs pleas in the state courts of Ohio. Among other things, it establishes the procedure to be employed by trial courts when accepting guilty and no contest pleas in felony cases. In this regard, Crim.R. 11(C)(2) provided as follows at the time of appellant's plea hearing:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court, upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving the rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."[1]
Crim.R. 11(C)(2) can essentially be divided into two parts, to wit: the constitutional guaranties of Crim.R. 11(C)(2)(c) and the other nonconstitutional requirements embodied in Crim.R. 11(C)(2)(a) and (b). Each will be discussed in turn.
There are a number of federal constitutional rights implicated when a guilty plea is entered in a state criminal prosecution. Crim.R. 11(C)(2)(c) speaks to the waiver of these constitutional rights by a criminal defendant who pleads guilty to an offense, rather than proceeding to trial.
Prior to the adoption of Crim.R. 11 in Ohio, the United States Supreme Court held that it was plain error for a state trial court to accept a guilty plea without an affirmative showing that such plea was intelligently and voluntarily entered. See Boykin v.Alabama (1969), 395 U.S. 238. The intelligent and voluntary nature of the plea could be demonstrated only if the court first explained to the defendant that he was waiving certain federal constitutional rights, and the defendant thereafter pled guilty.
In Boykin, the Court identified the following constitutional rights as being waived upon the submission of a guilty plea: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; and (3) the right to confront one's accusers. See, also, State v. Nero (1990), 56 Ohio St.3d 106, 107
(observing that the Boykin Court specifically listed these three rights). This list of constitutional rights was illustrative, not exhaustive.
In State v. Ballard (1981), 66 Ohio St.2d 473, the Supreme Court of Ohio held that a guilty plea is constitutionally infirm when the defendant is not informed of certain constitutional rights at the time the plea is entered. Such rights include the three recognized by the United States Supreme Court in Boykin and the additional right to compulsory process of witnesses. Ballard, 66 Ohio St.2d at paragraph one of the syllabus.
Beyond the four rights identified in Ballard, there is a fifth right embodied in Crim.R. 11(C)(2)(c), to wit: the right to be proven guilty by the state beyond a reasonable doubt. The Supreme Court of Ohio has never expressly accorded constitutional stature to this right. See State v. Sturm (1981), 66 Ohio St.2d 483, 484, fn. 2 (wherein the Supreme Court of Ohio noted that the "beyond a reasonable doubt" burden of proof was not mentioned in Boykin, but declined to address whether it was of a constitutional nature). This court, however, has opined that the right to have one's guilt proven by the state beyond a reasonable doubt is indeed a constitutional guaranty. See State v. Higgs (1997), 123 Ohio App.3d 400,407. As such, we treat this right in the same manner as the other protections delineated in Crim.R. 11(C)(2)(c).
The waiver of the constitutional rights in Crim.R. 11(C)(2)(c) requires strict compliance on the part of the trial court. Thus, the trial court first must inform the defendant of the five Crim.R. 11(C)(2)(c) rights before determining whether the defendant understands each right and knows that he is waiving it by pleading guilty. The failure to exercise strict compliance in this regard invalidates a guilty plea. See, e.g., Sturm,66 Ohio St. 2d at 484-485 (vacating guilty plea on the basis that the trial court did not inform the defendant of his right to confront his accusers).
The trial court need not exercise such strict adherence when discussing the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b). Rather, a guilty plea is valid if the trial court substantially complies with the language of Crim.R. 11(C)(2)(a) and (b). Nero, 56 Ohio St.3d at 108. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Id.; Crim.R. 52(A). In order to demonstrate prejudice in this context, the defendant must show that he would not have otherwise entered the plea. Nero, 56 Ohio St.3d at 108.
We turn now to the case sub judice. In his first assignment of error, appellant maintains that the trial court accepted his guilty pleas without first determining that he understood the nature of the rape and felonious sexual penetration charges pending against him.
A review of the transcript reveals that the trial court's description of the nature of the charges was modeled after the statutory language as contained in the indictment. The trial court described the four charges to which appellant was pleading guilty in this manner:
 "In order for you to be convicted one [sic] each of these counts considered separately, the State would have to prove beyond a reasonable doubt as to Counts 1, 2 and 6 that you did engage in sexual conduct, namely on Counts 1 and 6 vaginal intercourse, and on Count 2, cunnilingus, with another who was not the spouse of the offender and on the other person who is less than 13 years of age * * *."
 "On Count 3 that you did, without privilege to do so, insert any part of the body or any instrument, apparatus, or other object, to wit, your finger, into the vaginal cavity of another, not your spouse, when the other person was less than 13 years of age * * *."
Appellant acknowledges that the trial court explained the offenses based on the language in the indictment. Despite this, appellant claims that the trial court erred because it never expressly inquired as to whether he understood the nature of the charges.
It is true that the trial court never specifically asked appellant if he understood the nature of the described charges. Despite this, we find no error. The Crim.R. 11(C)(2)(a) requirement that the trial court determine whether a defendant understands the nature of the charge or charges against him is nonconstitutional in nature. Consequently, the trial court in the instant matter was only obligated to exercise substantial compliance with the rule.
Upon review, we believe that appellant subjectively understood the nature of the rape and felonious sexual penetration charges to which he was pleading guilty. The trial court specifically explained that the relevant counts in the indictment alleged that appellant had engaged in vaginal intercourse and cunnilingus and had inserted his finger into the vaginal cavity of a girl who was under the age of thirteen.
Beyond this, the trial court asked the state to provide a factual basis for the charges before it accepted appellant's guilty pleas. The prosecutor responded by giving a similar description of the offenses (i.e., vaginal intercourse, cunnilingus, and digital penetration). The prosecutor also stated the location and dates of the crimes.
Under the totality of the circumstances, it is apparent that the trial court substantially complied with Crim.R. 11(C)(2)(a). While literal compliance with Crim.R. 11 is certainly the preferred practice, the fact that the trial court in this case did not expressly ask appellant whether he understood the nature of the charges does not require vacation of the guilty pleas.
Both the trial court and the prosecutor described the offenses using sexual terms that are commonly understood. As such, appellant was surely on notice that he stood accused of engaging in sexual activity with a little girl. Moreover, appellant does not even suggest that he would not have pled guilty had the trial court specifically inquired as to whether he understood the nature of the charges. Given this, appellant can show no prejudice. For all of these reasons, the first assignment is without merit.
In his second assignment of error, appellant posits that the trial court erred by accepting his guilty pleas without first determining that he understood the effect of such pleas. Specifically, appellant claims that the trial court failed to inform him that Crim.R. 11(B)(1) defines the effect of a guilty plea as "a complete admission of the defendant's guilt."
As an initial matter, we would note that Crim.R. 11(C)(2)(b) requires that the trial court inform the defendant of and determine that he understands the effect of his plea of guilty. This is a nonconstitutional requirement, thereby imposing a duty of substantial compliance on the trial court.
Appellant cites State v. Roberson (June 20, 1997), Montgomery App. No. 16052, unreported, 1997 WL 335137, in support of his position. In Roberson, the Second District Court of Appeals essentially held that the trial court has a mandatory duty to inform a defendant of the effect of a guilty plea as enunciated in Crim.R. 11(B)(1) prior to accepting such a plea. As a result, the Second District vacated the defendant's guilty plea on the basis that the trial court never specifically told her that a guilty plea was a complete admission of her guilt of the offense charged.
This court has previously addressed the same question. In doing so, we have held that a guilty plea is not automatically invalidated simply because the trial court failed to advise the defendant that such a plea functions as "a complete admission of the defendant's guilt" pursuant to Crim.R. 11(B)(1). State v.McKee (June 19, 1998), Trumbull App. No. 97-T-0036, unreported, at 6-7, 1998 Ohio App. LEXIS 2767; State v. Guilford (June 19, 1998), Lake App. No. 97-L-017, unreported, at 2, 1998 Ohio App. LEXIS 2757. Thus, our resolution of this issue differs from that advanced by the Second District in Roberson.
Again, we must stress that the Crim.R. 11(C)(2)(b) requirement that the trial court inform the defendant regarding the effect of a guilty plea is nonconstitutional in nature. Consequently, the rule does not automatically mandate a rote recitation to the effect that a guilty plea operates as "a complete admission of the defendant's guilt" pursuant to Crim.R. 11(B)(1). Instead, the touchstone is substantial compliance, to wit: did the trial court substantially comply with the spirit of Crim.R. 11(C)(2)(b)?
In the case at bar, the trial court engaged in an extensive plea colloquy with appellant. The trial court recited the elements of the rape and felonious sexual penetration charges and the potential penalties associated with each offense. In addition, the trial court carefully explained that appellant would waive the various constitutional rights named in Crim.R. 11(C)(2)(c) and the right to appeal by pleading guilty to the charges. Finally, the trial court explicitly told appellant that it could proceed with judgment and sentence after accepting his guilty pleas. Appellant indicated that he understood that the trial court could pass judgment and sentence upon him if he pled guilty.
Under the totality of the circumstances, there can be no doubt that appellant recognized the effect of his guilty pleas. Appellant understood that his guilty pleas constituted a complete admission of the allegations of criminal wrongdoing that had previously been set forth in the indictment. Most importantly for purposes of our analysis, the trial court substantially complied with Crim.R. 11(C)(2)(b) by advising appellant that it could proceed immediately to judgment and sentencing if appellant opted to plead guilty. Finally, it should be noted that appellant has failed to explain how he was prejudiced by the trial court's failure to inform him that the guilty pleas operated as complete admissions of his guilt to the charges.
Pursuant to McKee and Guilford, this court concludes that the trial court did not err when it failed to inform appellant that a guilty plea functions as "a complete admission of the defendant's guilt" under Crim.R. 11(B)(1). See, also, State v. Knapp (June 18, 1999), Portage App. No. 97-P-0060, unreported, at 9-10, 1999 Ohio App. LEXIS 2820 (wherein this court again held that substantial compliance with Crim.R. 11(C)(2)(b) does not require the trial court to advise a defendant that his guilty plea constitutes a complete admission of his guilt). The second assignment lacks merit.
Based on the foregoing analysis, the assignments of error are not well-taken. Accordingly, the judgment of the trial court is affirmed.
FORD, P.J., O'NEILL, J., concur.
[1] Crim.R. 11(C)(2) has since been amended effective July 1, 1998.