OPINION
Marcel Moore filed this delayed appeal from the court's denial of his motion to vacate his guilty plea to the crime of aggravated robbery with a firearm specification. On appeal, Moore contends the court failed to advise him at the time of his plea of the state's burden to prove his guilt beyond a reasonable doubt. After reviewing the record in this case and researching the law, we have concluded that the failure of the trial court to advise Moore of the state's burden does not constitute reversible error in this case because the record reflects that Moore understood the consequences of his plea and the court correctly determined he entered a knowing, intelligent, and voluntary plea. Accordingly, the trial court did not abuse its discretion in denying the motion to vacate the plea, and we affirm that judgment of the court.
The record before us reveals that the grand jury had indicted Moore in two separate cases which the court consolidated for purposes of trial. In the first, Moore had been charged with two counts of aggravated robbery with firearm specifications, felonious assault, possession of a dangerous ordnance, having a weapon while under a disability and receiving stolen property, a motor vehicle. In the second, Moore had been charged with receiving stolen property, failure to comply with the order of a police officer, and possession of criminal tools.
Thereafter, on September 8, 1997, Moore pled guilty to one count of aggravated robbery with a firearm specification and an agreed sentence of seven years; the state agreed to nolle all remaining counts in both cases. On November 13, 1997, however, Moore filed a motion to vacate his plea. The court denied his motion, and he has now filed this delayed appeal setting forth the following assignment of error for our consideration:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SUMMARILY DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
Moore contends on appeal that at the time of his plea, the court failed to advise him of the state's burden to prove his guilt beyond a reasonable doubt and therefore, he maintains he did not freely and voluntarily enter his plea. Thus, he urges us to determine that the court abused its discretion in denying his motion to withdraw his guilty plea.
The state seeks to have this court affirm the judgment of the trial court because it substantially complied with Crim.R. 11 and the state avers, that Moore freely and voluntarily entered his plea of guilt.
At issue then on this review is whether the trial court should have granted Moore's motion to withdraw his guilty plea.
Crim.R. 32.1 concerns such motions states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
The burden of proof in such matters has been the subject of other cases and is set forth in the syllabus of State v. Smith (1977),49 Ohio St.2d 261, where the court stated:
 A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.
Examination of Crim.R. 11 reveals that before accepting a plea of guilty or no contest, every trial court has an obligation to address every defendant personally, and advise inter alia, that he is waiving his right to have the state prove guilt beyond a reasonable doubt. We focus on this portion of Crim.R. 11 because it is Moore's claim, as borne out by the record, that the trial court failed to advise him of this right at the time of his plea in this case. Hence, we now must consider the propriety of the court's actions in this case. The Crim.R. 11 rights have been the subject of litigation and the advice given to defendant's falls into two categories: constitutional rights and statutory rights.
In State v. Colbert (1991), 71 Ohio App.3d 734 stated:
 In relation to the constitutional rights, Ohio courts have held that strict compliance with the dictates of Crim.R. 11 (C) is necessary before it can be determined that the plea was given knowingly. See State v. Gibson (1986), 34 Ohio App.3d 146.
For nonconstitutional rights, however, scrupulous adherence to Crim.R. 11 (C) is not required; rather, the trial court must substantially comply with the provisions of Crim.R. 11. See Statev. Stewart (1977), 51 Ohio St.2d 86. Here, it has been determined that the right to have the state prove guilt beyond a reasonable doubt is not a constitutional right, but rather a statutory one. See State v. Sturm (1981), 66 Ohio St.2d 483. Therefore, the trial court must substantially comply with the provisions of Crim.R. 11 in this regard.
In State v. Nero (1990), 56 Ohio St.3d 106, the court provided a definition of substantial compliance at 108:
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving.
Here, while the record reveals that the trial court failed to specifically advise Moore of the state's burden of proof and failed to ascertain whether he agreed to waive his right to have guilt proven beyond a reasonable doubt, it does show that Moore twice denied he had been under the influence of drugs or alcohol, reflects that no one had promised him anything in exchange for his plea, that he understood he would serve a seven year sentence, that he agreed to that sentence, and that the state agreed to nolle all remaining charges against him in both cases in exchange for his guilty plea. This record does not reflect manifest injustice and Moore has failed to demonstrate that to us on appeal.
Here, after a review of the pertinent provisions of the applicable criminal rules and of the relevant case authority, we cannot conclude the trial court abused its discretion in refusing to vacate his plea. This record, contrawise, demonstrates that Moore understood the consequences of his plea at the time he entered it and shows that his plea had been knowingly, intelligently and voluntarily entered. Accordingly, the trial court did not abuse its discretion in failing to vacate his plea and we affirm that judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR