[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Kenya Hagans, stands convicted, upon his plea of no contest, of the offense of escape in violation of R.C. 2921.34(A). The final order from which this appeal is taken was journalized on July 10, 2000. This court had previously, in an appeal filed by the state, reversed an antecedent order of the trial court dismissing an indictment alleging the same offense. See State v. Hagans (Oct. 13, 1999), Hamilton App. No. C-980873, unreported. Resultantly, the case from which the instant appeal arises was before the court below pursuant to our mandate in that appeal.
The singular assignment of error is that the trial court erred in accepting Hagans's plea of no contest and in finding him guilty thereupon. The assignment is accompanied by the following query:
 Is there a constitutional and therefore lawful conviction when the trial court accepts a no contest plea and enters a finding of guilty when the court does not inform the defendant of his constitutional right to confront his accusers?
The Supreme Court of Ohio, when deciding State v. Sturm (1981),66 Ohio St.2d 483, 483-484, 422 N.E.2d 853, 854, reiterated its holding in State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus:
 Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. (Boykin v. Alabama [1969], 395 U.S. 238, 89 S.Ct. 1709, * * * followed.)
The court had seen fit to add, in paragraph two of the syllabus in Ballard, the following:
 Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant (State v. Caudill [1976], 48 Ohio St.2d 342, 358 N.E.2d 601, modified.)
The record in the case sub judice, which demonstrates the procedure followed on April 6, 2000, when Hagans tendered his plea of no contest, contains this exchange:
 THE COURT: And then, by offering to plead no contest, you're telling the Court that you're willing to proceed in an informal fashion on this charge of escape. By doing that, you're not only giving up your right to a trial by jury, but you're also giving up your right to a formal trial. And a formal trial is one where the State of Ohio would have to bring witnesses into the courtroom and they would have to testify under oath, and the State would have to prove your guilt beyond a reasonable doubt at a trial at which you could not be forced to testify against yourself, and at a trial at which you would have the right to have the person or persons who have accused you appear in court and testify under oath.
Do you understand all of that, sir?
THE DEFENDANT: Yes, sir. [Emphasis added.]
In the colloquy that preceded and followed the above quotation, the court explained in painstaking detail the rights and privileges afforded Hagans by the state and federal constitutions, by statute, and by the rules of procedure. Upon this record, it cannot be questioned that Hagans was fully advised by the court, and that he understood those advices. We are compelled to hold that the court did not err in accepting Hagans's plea.
The second facet of Hagans's assignment, i.e., that the court erred in finding him guilty, is similarly negated by the record. With remarkable candor and fairness, the trial court said to Hagans that, as a result of this court's decision in the first appeal, the indictment against him stated an offense as a matter of law:
 THE COURT: If I accept your plea of no contest, the likelihood is you'll be found guilty of this charge. Do you understand that? Is that understood, sir?
THE DEFENDANT: That I'm going to be found guilty?
 THE COURT: The likelihood is that you're going to be found guilty on a plea of no contest.
THE DEFENDANT: Yes, sir.
Additionally, the court assured itself that Hagans's legal counsel had given him proper advice before Hagans had "signed these papers," viz., the waiver of trial by jury and the proffer of the plea of no contest. We, therefore, overrule the assignment of error.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.