[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Delbert R. Bromwell, was indicted for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a second-degree felony. On July 27, 2001, Bromwell entered a guilty plea. On August 28, 2001, Bromwell was sentenced to confinement in the department of corrections for four years. Bromwell's single assignment of error is that his plea was not made knowingly, intelligently, and voluntarily.
"When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."[1] A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record.[2] Although strict compliance with Crim.R. 11 is preferred, a reviewing court may consider a plea to be knowing, intelligent and voluntary with respect to the waiver of nonconstitutional rights so long as the trial court substantially complies with Crim.R. 11.[3] "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[4] A defendant who challenges his guilty plea on the basis that it was not knowing, intelligent or voluntary must show a prejudicial effect.[5]
The test for prejudice is whether the plea would have otherwise been made.[6]
Bromwell does not raise a constitutional challenge for not having been informed of the Boykin rights that he was waiving, which would have necessitated a different review.[7] Bromwell argues instead that because the trial court created a reasonable expectation that he would be sent to a facility called River City, this was enough to render the plea involuntary. We disagree. The record transmitted to this court shows that there was discussion about Bromwell's possible acceptance into the River City treatment program, and what would happen if he was not accepted into that program (defense counsel would have then attempted to convince the court to allow Bromwell to enter some comparable program). Ultimately defense counsel told the trial court, in the presence of Bromwell, that he had "advised [Bromwell] that there is [sic] no guarantees. He's looking at the potential of anywhere from two to eight years." Bromwell entered his guilty plea at that time. And, we have already noted, sentencing occurred later, on August 28, 2001.
After reviewing the entire record, we conclude that the trial court substantially complied with Crim.R. 11 in accepting Bromwell's plea, and that it conducted a meaningful dialogue to determine that Bromwell's plea was made knowingly, intelligently and voluntarily.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] State v. Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450,451.
[2] See State v. Spates (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351,353.
[3] See State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474,476.
[4] Id. at 108, 564 N.E.2d at 476 (citations omitted).
[5] See id.
[6] See id.
[7] See State v. Nero, supra, at 107, 564 N.E.2d at 476, citing Boykinv. Alabama (1969), 395 U.S. 238, 242-243, 89 S.Ct. 1709, 1712 (privilege against compulsory self-incrimination, right to trial by jury, and right to confront one's accusers); see, also, State v. Sturm (1981)66 Ohio St.2d 483, 484, 422 N.E.2d 853, 854, fn. 2; State v. Stewart
(1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163, 1167.