[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Dennis Ware, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of four counts of felonious assault with firearm specifications. For the following reasons, we affirm the trial court's judgment.
{¶ 3} Ware entered pleas of no contest to the offenses and the specifications in January 2002. In a single assignment of error, Ware now argues that the trial court erred in accepting his pleas of no contest without informing him that the state would have been required, at trial, to prove the offenses and specifications beyond a reasonable doubt.
{¶ 4} The trial court is required, pursuant to Crim.R.11(C)(2)(c), to inform the defendant that the state would be required, at trial, to prove its case beyond a reasonable doubt. But informing a defendant of the reasonable-doubt standard is not one of the rights enumerated in Boykin v. Alabama.[1] The standard is, therefore, whether the trial court substantially complied with the criminal rule.[2]
The trial court will be deemed to have substantially complied with Crim.R. 11 where, "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[3]
{¶ 5} Here, we hold that the trial court substantially complied with Crim.R. 11. During the plea colloquy, Ware stated that he had an eleventh-grade education. The trial court informed Ware that he had a right to a trial by jury and inquired whether Ware could read and write. Ware answered in the affirmative and told the court that he had read the plea form and had consulted with his counsel about the import of pleading no contest. The plea form included the explanation that the state would bear the burden of proof beyond a reasonable doubt.[4] Ware stated that he understood his rights, and he did not express any misgivings about entering the no-contest plea. The record thus indicates that Ware subjectively understood his rights. The assignment of error is accordingly overruled, and the trial court's judgment is affirmed.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] (1969), 395 U.S. 238, 89 S.Ct. 1709. Ware cites a case from the Eleventh Appellate District for the proposition that strict compliance is required for the reasonable-doubt standard. See State v. Higgs (1997),123 Ohio App.3d 400, 704 N.E.2d 308. Neither this court nor the Supreme Court of Ohio has adopted this rule. In fact, the Ohio Supreme Court has specifically held that substantial compliance is sufficient with respect to the burden of proof. See State v. Sturm (1981), 66 Ohio St.2d 483,484, 422 N.E.2d 853, fn. 2.
[2] See Sturm, supra.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
[4] See State v. DeArmond (1995), 108 Ohio App.3d 239,670 N.E.2d 531.