{¶ 1} This is an appeal from a judgment of conviction and sentence entered by Judge Timothy J. McGinty after Craig Delventhal pleaded guilty to a fourth degree felony charge of driving while under the influence of alcohol (DUI).[1] Delventhal claims his guilty plea was invalid because the judge failed to inform him, prior to the plea, that post-release control could be part of his sentence. We vacate the conviction.
 {¶ 2} Delventhal pleaded guilty to a fourth degree felony charge of DUI, which resulted from his having been convicted of similar offenses at least three times within the previous six years. Before accepting his plea the judge informed him of the prison sentence that could be imposed, the range of possible fines, and that his driver's license would be suspended, but did not inform him that a conviction subjected him to up to three years of post-release control at the discretion of the parole board.[2] After accepting the plea, the judge immediately sentenced him to a one year prison sentence and $10,000 fine for the DUI conviction.[3]
He then stated that he was "going to order the Department of Rehabilitation and Correction to place you on the maximum period of post-release control parole." The judgment entry purported to impose a five-year term of post-release control upon Delventhal, and he asserts two assignments of error, the first of which states:
 {¶ 3} "I. The trial court erred when it failed to inform appellant prior to his plea that he may be subject to post-release controls or explain to appellant what post-release controls meant and therefore his guilty plea was not made knowingly and intelligently and was in violation of [Crim.R.] 11(C)."
 {¶ 4} While the assignment of error claims the judge violated Crim.R. 11(C), Delventhal's argument also relies upon R.C. 2943.032, which states that, prior to accepting a guilty plea, a judge "shall inform the defendant personally" that he may be subject to an additional prison term if he violates the conditions of post-release control. Even if this statutory requirement is satisfied the defendant may still challenge his guilty plea by claiming that he failed to fully understand the maximum sentence that could be imposed.[4] There is no dispute that the judge violated the express provisions of R.C. 2943.032 because he failed to inform Delventhal of any aspect of post-release control prior to accepting his plea. Despite this lack of compliance, however, the State asserts two arguments in defense of the conviction.
 {¶ 5} It first contends that the statute is subject to a substantial compliance rule, which was satisfied when the judge informed Delventhal of post-release controls at sentencing. In support of this argument the State misconstrues unfortunate language in the Ohio Supreme Court's decision in Woods v. Telb,[5] a separation of powers challenge, which stated that "pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence."[6] This language, however, cannot be used to nullify application of statutes and court rules that were neither addressed nor interpreted in Woods, and which separately require notification of post-release control at both a plea hearing and a sentencing. Moreover, to interpret Woods as stating that information at a sentencing can validate a plea hearing, or vice versa, would flout settled principles governing both plea hearings and sentencing hearings.[7]
 {¶ 6} R.C. 2943.032(E) requires the judge to inform a defendant of post-release control sanctions prior to accepting a guilty plea. R.C.2929.19(B)(3) requires the judge to inform the defendant, at the sentencing hearing, that post-release control sanctions may be or will be imposed at the conclusion of the prison term and the penalties if such controls are violated. Regardless of the language in Woods, these statutes state separate and independent requirements. Informing a defendant of post-release control at sentencing cannot validate a guilty plea entered without such knowledge, nor can information at a plea hearing substitute for the actual imposition of sentence required under R.C.2929.19(B)(3).
 {¶ 7} Furthermore, even if one reached the absurd conclusion that a plea could be rendered voluntary by information imparted at sentencing, the judge failed to give Delventhal adequate or accurate information at that time. The conviction subjected Delventhal to up to three years of post-release control at the parole board's discretion; the judge had no authority to "order" imposition of any period of post-release control, much less the five years purportedly imposed.[8]
 {¶ 8} The State next counters that Delventhal has not shown that he would not have entered the plea if he had been properly informed and, therefore, has not shown prejudice. The prejudice requirement, however, is applied as part of the substantial compliance rule.[9] Where Crim.R. 11(C) does not require the giving of specific information or requires only that the judge "determine" that the defendant understands particular aspects of his plea, the substantial compliance rule allows a showing that the defendant had the requisite understanding even when the judge failed to inform him personally.[10] Where the judge is required to inform the defendant personally and fails to do so, the judge has no valid basis for determining that the defendant had the necessary understanding and there can be no finding of substantial compliance.[11]
Where the judge is required to inform the defendant personally and entirely fails to do so there is no further need to determine whether prejudice occurred, and this rule is not limited only to warnings that are constitutionally required.[12]
 {¶ 9} Because R.C. 2943.032 requires that the judge, prior to accepting a guilty plea, inform the defendant personally that post-release control may result in additional prison time, the failure to give Delventhal any information on this subject fails the substantial compliance test and its corresponding prejudice requirement. The first assignment of error is sustained.
 {¶ 10} The second assignment states:
 {¶ 11} "II. The trial court erred when it imposed the maximum fine of $10,000 upon appellant where there had previously been a judicial finding of indigency."
 {¶ 12} Because of our decision that the conviction must be vacated, this assignment is moot.[13]
Judgment vacated.
FRANK D. CELEBREZZE, JR., J. concurs.
TIMOTHY E. MCMONAGLE, J., concurs in judgment only.
[1] R.C. 4511.19, 4511.99(A)(4).
[2] 2967.28(C).
[3] The judge imposed a concurrent six month sentence for a misdemeanor assault charge and ordered that the prison term be served consecutively with any term imposed for a probation violation in a previous case.
[4] Crim.R. 11(C)(2)(a).
[5] 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103.
[6] Id. at 513.
[7] See State v. Tucci, Mahoning App. No. 01 CA 234, 2002-Ohio-6903, at ¶ 29 (Woods does not address R.C. 2929.19 or 2943.032).
[8] R.C. 2967.28(C); State v. Brown, Cuyahoga App. No. 80725, 2002-Ohio-5468, at ¶ 24.
[9] State v. Stewart (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52,364 N.E.2d 1163; State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.
[10] Id.
[11] State v. King, Auglaize App. No. 2-2000-11, 2000-Ohio-1833; See, also, State v. Foster, Cuyahoga App. No. 81309, 2002-Ohio-7072, at ¶ 20 (totality of circumstances must show judge's determination of defendant's understanding was warranted).
[12] State v. Higgs (1997), 123 Ohio App.3d 400, 407-08, 704 N.E.2d 308
(stating alternative holding that failure to inform defendant of reasonable doubt standard does not substantially comply with Crim.R. 11(C)(2); this alternative holding should be employed because the court's primary holding, that informing the defendant of the reasonable doubt standard is constitutionally required, directly conflicts with the Ohio Supreme Court's ruling in State v. Sturm (1981), 66 Ohio St.2d 483, 484
n. 2, 20 O.O.3d 403, 422 N.E.2d 853.
[13] App.R. 12(A)(1)(c).