OPINION
{¶ 1} Defendant-appellant, Thomas L. Veney, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. Because the trial court did not comply with Crim.R. 11(C) when it accepted appellant's guilty plea, we vacate that judgment and remand the matter for further proceedings.
 {¶ 2} On July 16, 2004, a Franklin County Grand Jury indicted appellant for one count of felonious assault in violation of R.C.2903.11 and one count of kidnapping in violation of R.C. 2905.01. Both counts contained firearm specifications pursuant to R.C. *Page 2 2941.141 and R.C. 2941.145. The charges arose out of a domestic altercation between appellant and his wife. Appellant initially entered a not guilty plea to the charges but subsequently entered a guilty plea to the lesser included offense of attempted felonious assault in violation of R.C. 2923.02 as it relates to R.C. 2903.11, and one firearm specification.[1] The trial court accepted appellant's guilty plea, found him guilty, and sentenced him accordingly.
 {¶ 3} Appellant appeals and assigns the following error:
 THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIM.R. 11 BY INFORMING THE DEFENDANT THAT THE STATE WAS REQUIRED TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT AND BY FAILING TO PROPERLY ASCERTAIN THAT THE DEFENDANT UNDERSTOOD THE NATURE OF THE CHARGE AGAINST HIM.
 {¶ 4} In his lone assignment of error, appellant contends that the trial court did not comply with Crim.R. 11(C) when it failed to inform him that by entering a guilty plea, he waived his constitutional right to have his guilt determined under a "beyond a reasonable doubt standard" at trial. We agree.
 {¶ 5} Crim.R. 11(C) governs the procedure that a trial court must follow before accepting a guilty plea. Crim.R. 11(C)(2) provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 3 
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} A trial court need only substantially comply with the non-constitutional requirements contained in Crim.R. 11(C)(2)(a) and (b). State v. Thomas, Franklin App. No. 04AP-866, 2005-Ohio-2389, at ¶ 10. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id., quoting State v. Nero
(1990), 56 Ohio St.3d 106, 108.
 {¶ 7} Although substantial compliance is sufficient for the non-constitutional requirements set forth in Crim.R. 11(C)(2)(a) and (b), a trial court must strictly comply with the critical constitutional requirements referenced in Crim.R. 11(C)(2)(c). State v. Carter,
Franklin App. No. 02AP-294, 2002-Ohio-6967, at ¶ 11, citing State v.Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although strict compliance is required, a trial court is not required to use the exact language contained in Crim.R. 11(C)(2)(c). The trial court must explain the constitutional rights that a defendant waives by pleading guilty in a manner reasonably intelligible to the defendant.Ballard, paragraph two of the syllabus; State v. Anderson (1995),108 Ohio App.3d 5, 11; Carter. What constitutes the *Page 4 
critical constitutional requirements in Crim.R. 11(C)(2)(c) lies at the heart of the issue presented in the case at bar.
 {¶ 8} It is undisputed that the trial court failed to inform appellant that by entering a guilty plea he waived his constitutional right to have his guilt determined under a "beyond a reasonable doubt" standard, a right listed in Crim.R. 11(C)(2)(c). The state contends, however, that the trial court must only substantially comply with the requirement that it inform appellant of this constitutional right, and that it did so when appellant signed a guilty plea form indicating that he waived this right. We disagree.
 {¶ 9} In Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, the United States Supreme Court held that before accepting a guilty plea, a trial court must inform a criminal defendant of the constitutional rights he waives by entering a guilty plea. Id. at 243. The rights identified in Boykin were: (1) the privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Id. These three constitutional rights are among those listed in Crim.R. 11 (C)(2)(c). Therefore, a trial court must strictly comply with the requirement that it inform a defendant of these constitutional rights prior to accepting a guilty plea.Ballard.
 {¶ 10} The right to have the state prove guilt beyond a reasonable doubt is a constitutionally-protected right of a criminal defendant. SeeIn re Winship (1970), 397 U.S. 358, 364, 90 S.Ct. 1068; State v.Higgs (1997), 123 Ohio App.3d 400, 406; Beachwood v. Barnes (Oct. 25, 2001), Cuyahoga App. No. 78841 (O'Donnell, J., concurring). At the timeBoykin was decided, there was apparently some question regarding whether the reasonable doubt standard was a constitutional right. SeeWinship; see, also, State v. Scott (1996), 113 Ohio App.3d 401, 406
(stating that *Page 5 
reasonable doubt standard was a statutory right). The Court inWinship, however, made it clear that the standard was constitutionally based. Id. at 364. ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt * * *."). The Court decidedWinship one year after it decided Boykin. If Winship had been decided before Boykin, it is possible that the constitutional right to have guilt proven beyond a reasonable doubt may have been included in theBoykin rights. See Barfell v. State (Ind.App.1979), 399 N.E.2d 377, fn. 11. In fact, the author of the Boykin opinion later wrote that the right to have guilt proved beyond a reasonable doubt is also involved when a defendant enters a guilty plea. Johnson v. Ohio (1974), 419 U.S. 924,926, 95 S.Ct. 200 (Douglas, J., dissenting) (the three constitutional rights identified in Boykin were illustrative and not exhaustive). See, also, State v. Mallon (Dec. 17, 1999), Trumbull App. No. 98-T-0032 (noting that the list of constitutional rights in Boykin were illustrative, not exhaustive).
 {¶ 11} In Ballard, the Supreme Court of Ohio added a fourth constitutional right that must be strictly explained to a defendant entering a guilty plea: the right to compulsory process. Id. at paragraph one of the syllabus. This constitutional right is the fourth of the five constitutional rights listed in Crim.R. 11(C)(2)(c). TheBallard court noted that the constitutional right to compulsory process was not named in Boykin as a right that a trial court must explain to a defendant. The court, however, reasoned that because the right to compulsory process was a trial right guaranteed by the United States Constitution, just like the trial rights named in Boykin, a trial court must also inform a defendant of that constitutional right prior to accepting a guilty plea, notwithstanding the fact that it was not *Page 6 
identified in Boykin. Id. at fn. 4. It is well-established that a state court may provide more constitutional safeguards than federal courts. Higgs, at 406, citing Arnold v. Cleveland (1993),67 Ohio St.3d 35, paragraph one of the syllabus.
 {¶ 12} On the same day the Supreme Court of Ohio decidedBallard, it also decided State v. Sturm (1981), 66 Ohio St.2d 483.Sturm also involved a trial court's obligation pursuant to Crim.R. 11 to advise a criminal defendant of constitutional rights waived by a guilty plea. In that case, the court held that the trial court failed to inform Sturm of his constitutional right to confront his accusers, a right expressly identified in Boykin. Therefore, the court vacated Sturm's plea and remanded the case.
 {¶ 13} In a footnote, however, the court noted that Sturm also argued that his plea should be vacated because the trial court failed to inform him of his right to have his guilt determined under a beyond a reasonable doubt standard. Id. at fn. 2. Although not the basis of the court's decision, the court stated that "[w]hile a trial court is required by Crim.R. 11(C) to inform a defendant of this right, it is not required by [Boykin]." Id. Thus, the court reasoned, becauseBoykin did not mention the constitutional right to have guilt proven beyond a reasonable doubt, a trial court would only have to substantially comply with that requirement. Id., citing State v.Stewart (1977), 51 Ohio St.2d 86 (requiring only substantial compliance with non-constitutional requirements of Crim.R. 11).
 {¶ 14} The reasoning expressed in footnote two of Sturm, while only dicta, is inconsistent with the rationale underlying the Boykin andBallard decisions. Crim.R. 11(C)(2)(c) identifies five constitutional rights of which a trial court must inform a defendant before accepting a guilty plea. Ballard expressly requires a trial court to strictly explain four of these constitutional rights to a defendant before accepting a guilty plea, *Page 7 
notwithstanding the fact that Boykin did not expressly identify all four of these constitutional rights. We see no rational basis for treating a defendant's constitutional right to have his or her guilt determined under a beyond a reasonable doubt standard any differently.
 {¶ 15} Accordingly, we hold that a trial court must strictly comply with the constitutional requirements in Crim.R. 11(C)(2)(c) and explain all of the constitutional rights listed in the rule that a defendant waives by pleading guilty in a manner reasonably intelligible to the defendant, including the right to have the state prove guilt beyond a reasonable doubt. Higgs. [2] Other courts have reached the same conclusion. See State v. Green, Mahoning App. No. 02CA-217,2004-Ohio-6371, at ¶ 11; State v. Senich, Cuyahoga App. No. 82581, 2003-Ohio-5082, at ¶ 27; Mallon, supra; State v. Givens (Sept. 16, 1982), Montgomery App. No. 7774.[3]
 {¶ 16} In this case, the trial court failed to inform appellant of his right to have his guilt determined under a beyond a reasonable doubt standard. Thus, the trial court did not strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c) when it accepted appellant's guilty plea.[4] Appellant's lone assignment of error is sustained, and *Page 8 
the judgment of the Franklin County Court of Common Pleas is vacated. The matter is remanded to the trial court for further proceedings.
Judgment vacated and cause remanded.
 PETREE, J., concurs. SADLER, P.J., dissents.
[1]The trial court dismissed the remaining charges and specifications.
[2] For the reasons previously stated, we disagree with this court's analysis in State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399. In that case, this court considered whether the trial court informed a defendant of the right to have guilt proven beyond a reasonable doubt. This court, citing Sturm, simply questioned whether the right was identified in Boykin, and because it was not, required a trial court to substantially comply with the rule. Identification of a right in Boykin is not sufficient, per Ballard, to determine a trial court's obligations pursuant to Crim.R. 11(C)(2)(c). See, also,State v. Hines (May 23, 1995), Franklin App. No. 94APA10-1428 (requiring substantial compliance).
[3] Other courts only require substantial compliance with the requirement that a defendant be advised of the right to have the state prove guilt beyond a reasonable doubt. See State v. Cogar (Oct. 20, 1993), Summit App. No. CA-16234; State v. Shinkle (Aug. 18, 1998), Scioto App. No. 98CA2560; Scott, supra, at 406-407.
[4] Because of this determination, appellant's claim that he did not understand the nature of the charges when he entered his guilty plea is moot. App.R. 12.