{¶ 17} I do not minimize the importance of informing a defendant of the state's burden of proving guilt beyond a reasonable doubt. Clearly, if appellant had not been informed of that burden at all during his sentencing, vacation of his guilty plea would be required, but that is not the case here. I disagree with the majority's conclusion that the trial court was required to strictly comply with Crim.R. 11 regarding the state's burden, and would instead apply the test of substantial compliance to this case.
 {¶ 18} Neither the United States Supreme Court after its decision inBoykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; nor the Ohio Supreme Court after its decision in State v. Ballard
(1981), 66 Ohio St.2d 473, 423 N.E.2d 115, has taken the opportunity to expand the list of critical constitutional rights requiring strict adherence to Crim.R. 11(C) to include the right to require the state to prove guilt beyond a reasonable doubt. In fact, the Ohio Supreme Court, albeit speaking by way of a footnote, has stated that a court's communication of the right to have the state prove guilt beyond a reasonable doubt is not subject to strict compliance with Crim.R. 11 under Boykin. State v. Sturm (1981), 66 Ohio St.2d 483, 422 N.E.2d 853, at fn. 2.
 {¶ 19} Moreover, we have held in two cases that a trial court's failure to strictly comply with Crim.R. 11 by informing a defendant of the right to have guilt proven beyond a reasonable doubt does not establish that the defendant's guilty plea was not entered *Page 9 
knowingly, intelligently, and voluntarily, thus applying a substantial compliance test to a trial court's compliance with this requirement.State v. Ellis (June 20, 1996), Franklin App. No. 95AP10-1399, LEXIS 2522; State v. Hines (May 23, 1995), Franklin App. No. 94APA10-1428, LEXIS 2175.
 {¶ 20} For those portions of Crim.R. 11 to which the substantial compliance test applies, the proper method for analyzing the issue is whether, under the totality of the circumstances, the defendant properly understood the charges and the rights he was waiving, and whether the defendant suffered any prejudice from the trial court's omission specifically informing appellant of the right to have guilt proven beyond a reasonable doubt. In this case, the plea form appellant signed did identify the right to have guilt proven beyond a reasonable doubt as one of the rights appellant was waiving by signing the form. The record shows that the trial court asked appellant if he had read the form and discussed it with his attorney, and that appellant indicated he understood the rights he was waiving. I believe this was sufficient to establish that appellant's plea was made knowingly, intelligently, and voluntarily.
 {¶ 21} Since I cannot join the majority's conclusion that appellant's plea was rendered involuntary by the procedure followed by the trial court in his sentencing, I respectfully dissent. *Page 1