{¶ 54} The charges in this case are for extremely serious offenses: attempted aggravated murder, aggravated robbery, kidnapping, and commission of those crimes with a firearm specification. Appellant entered a plea of guilty to all of those charges, with his legal counsel present. To vacate those pleas of guilty because of the omission of four words, namely "beyond a reasonable doubt," may at first blush seem outrageous. *Page 11 
 {¶ 55} However, appellate courts are required to uphold the rule of law as set forth in the case law of superior courts. In the case ofIn re Winship (1970), 397 U.S. 358, 364, the Supreme Court of the United States stated:
 {¶ 56} "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt." Id.
 {¶ 57} Moreover, in a recent case factually identical to the case before us, the Tenth Appellate District vacated the guilty pleas of a defendant to felonious assault and kidnapping solely because the trial court, as here, failed to advise him that by entering a guilty plea he would be waiving his right to have the prosecution prove his guilt "beyond a reasonable doubt standard." See State v. Veney, 10th Dist. No. 06AP-523, 2007-Ohio-1295, ¶ 4-15.
 {¶ 58} I write separately because this case is illustrative of the burden placed upon all judges. We are not free to act as we please. Duty and subservience to the law negates all personal feelings. Therefore, I will join my colleagues and do my duty as they did theirs — without satisfaction but with clarity as to the course the law mandates in this action. *Page 1